EDWARD B. NETTLETON *vs.* CHARLES A. BEACH.

A conditional judgment for the full amount of a promissory note, rendered in a suit to foreclose a mortgage given to secure the note, is no bar to an action to recover back money had and received from the debtor by an attorney at law to be applied in part payment of the note, which he was then holding for collection, and on which he neglected to apply it.

CONTRACT for money had and received. Trial in the superior court, before *Rockwell*, J., who after a verdict for the defendant reported for the revision of this court the case which is stated in the opinion.

*H. Morris*, for the defendant.

*W. S. Green*, for the plaintiff.

CHAPMAN, C. J It appears by the evidence offered, that the defendant received of the plaintiff's son the sum of $200, for

which he gave the following receipt: "Springfield, March 19, 1867. Received of E. B. Nettleton, to be applied on note held by Elijah Libby, two hundred dollars. Charles Beach." This receipt proves what he agreed to do with the money. It is admitted that it was not applied on the note, but that the note was secured by a mortgage, which had been left with the defendant and his father, as attorneys and copartners, for collection. They commenced a suit to foreclose the mortgage, and took a conditional judgment, without the knowledge of Nettleton, for the whole amount of the note. The object of this action is to recover back the money. The defendant contends that the judgment is a bar to this action. If Nettleton had paid the money to Libby, this would have been so. For it would have been a payment *pro tanto*, and Nettleton would have had his day in court to compel the application of it; and if he neglected to enforce his rights then, the judgment would be conclusive, between the parties, as to the amount due. *Loring* v. *Mansfield*, 17 Mass. 394. *Jordan* v. *Phelps*, 3 Cush. 545. *Sacket* v. *Loomis*, 4 Gray, 148. *Fuller* v. *Shattuck*, 13 Gray, 70. But these cases were held to be distinguishable from *Fowler* v. *Shearer*, 7 Mass. 14, 22. In that case, as in this, the defendant was an attorney, who held a note against the plaintiff for collection. The plaintiff paid him a sum of money to be indorsed or applied upon it; but he neglected to apply it, and took judgment for the whole amount. It was decided that he held the money in trust, and was liable to the plaintiff for not applying it according to his agreement.

There is a plain distinction between payment to the creditor, which is of itself a payment on the debt, and payment to a third person, upon his executory contract to apply or indorse it. The debtor has no day in court as to him, and cannot compel the creditor to apply it, without proving the payment, and also the authority of the attorney to receive it. The transaction is wholly independent of the debt, till the application is actually made, and there is no principle upon which a judgment in favor of the creditor should operate as an estoppel in favor of the attorney as to his personal contract with the debtor.          *New trial ordered.*