ROBERT McMURTRIE vs. DANIEL KEENAN.

The maker of a note secured by a mortgage with power of sale paid the interest due thereon; and the mortgagee promised to indorse the payment on the note, but did not do so, denied that interest had been paid, demanded it again, and threatened to sell under the mortgage unless the interest was again paid. The mortgagor then paid the interest a second time, under protest. *Held,* that he could maintain an action of contract to recover back the amount which the mortgagee promised to indorse.

CONTRACT. The declaration contained common counts to recover back $120 paid by the plaintiff to the defendant in July 1869, and also to recover back $120 paid by the plaintiff to the defendant in February 1870.

At the trial in the superior court, before *Wilkinson*, J., it appeared that the defendant held the note of the plaintiff for $2000, with interest at the rate of six per cent., payable in January and July of each year, secured by mortgage containing a power of sale, and bearing an indorsement of $180 paid as eighteen months' interest, under date of February 1870.

The plaintiff testified that in July 1869 he paid the defendant $120, being one year's interest, which the defendant promised to indorse on the note. The defendant testified that no such payment was ever made.

It further appeared that in February 1870 the parties met; that the plaintiff claimed that he owed only $60, six months' interest; that the defendant denied that there had been any payment to him, claimed that $180, eighteen months' interest, were due, and threatened to sell the mortgaged property under the power of sale, unless the $180 were paid; and that the plaintiff paid the $180 under protest, saying he should bring suit to recover the $120 back.

The plaintiff testified that he did not pay the money under any mistake of fact; that he was sure, when he paid it, that he had paid it before; and that he intended at the time to bring suit to recover it back.

The defendant requested the judge to instruct the jury as follows: " 1. That if the plaintiff, knowing and claiming that in-

terest to July 1869 had already been paid by him, voluntarily paid the same again in February 1870, under protest, and with the intention to bring suit to recover the same from the defendant, he cannot maintain this action. 2. That if the plaintiff made the payment of $120 in July 1869, as and for the interest then due, and the defendant accepted the same as such interest, and promised to indorse the same upon the note, then it was a payment of such interest, and as such extinguished or cancelled the interest then due ; and the subsequent failure of the defendant to indorse the same upon the note, and his again receiving the same amount in February 1870, did not give the plaintiff the right to recover in this action."

But the judge declined so to instruct the jury, and instructed them " that if the plaintiff paid the $120 in July 1869, under an agreement that it should be indorsed by the defendant on the note, and it was not so indorsed, and the plaintiff was threatened by the defendant with a sale of the mortgaged property if the interest appearing to be due on the note was not paid, and the plaintiff thereupon paid such interest under protest and notice that he should sue for the $120 first paid, this action might be maintained for the $120 not indorsed according to the agreement of the defendant."

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*T. S. Harlow*, for the defendant.

*W. W. Warren*, for the plaintiff.

CHAPMAN, C. J. If a defendant in an action has paid money to the creditor to be indorsed or applied on the demand in suit, but suffers the plaintiff to take judgment for the whole amount, he cannot recover the money back. He has had his day in court, and the judgment is conclusive. Public policy requires that this should be so. *Loring* v. *Mansfield*, 17 Mass. 394. *Jordan* v. *Phelps*, 3 Cush. 545. *Sacket* v. *Loomis*, 4 Gray, 148. *Fuller* v. *Shattuck*, 13 Gray, 70. *Nettleton* v. *Beach*, 107 Mass. 499. But if, after the creditor thus neglects to indorse or apply it, he has the means of collecting the whole debt without giving the debtor any day in court, and does so collect it ; as, for example, by war-

rant of distress, or by selling a pledge, or by a mortgage with power of sale, or by collecting securities which are under his control, then the debtor may recover back the money which has thus been paid and not applied. There is no judgment or other proceeding which estops him.

In this case the jury have found that the plaintiff paid $120 for interest, which the defendant promised to indorse, but did not. But, having his note secured by mortgage with power of sale, he threatened to make a sale unless the plaintiff would pay the interest which he claimed. He could do this without giving the plaintiff any day in court. The plaintiff is therefore entitled to recover back the sum that ought to have been indorsed.

*Exceptions overruled.*