JOHN F. DALY, trustee, & another *vs.* SETH T. CRAWFORD.

Middlesex.    November 10, 1931. — May 20, 1932.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Agency,* Liability of agent. *Probate Court,* Decree. *Trust. Attorney at Law.*

A decree of a probate court allowing a petition by a trustee of real estate for leave to convert it into cash and to distribute the proceeds of the sale among certain persons entitled thereto, meant that the net proceeds and not the gross receipts should be so distributed; and it therefore was proper for an attorney, who conducted the sale in behalf of the trustee and who received the purchase money, to make payments therefrom for the redemption of the land from existing tax titles, for taxes which constituted liens thereon and for incidental expenses of the sale, and to retain therefrom a reasonable fee for his services in conducting the sale.

Although the petition above described was for a sale for distribution and not for payment of the debts of the trust, further payments by the attorney from the proceeds to satisfy outstanding debts of the trust which did not constitute part of the expenses of the sale did not cause damage to the trust estate of which a succeeding trustee could complain.

A trustee could not maintain a suit in equity for an accounting against an attorney who had acted for a former trustee in conducting a sale of part of the trust property and who had received the proceeds of the sale, where it appeared that the defendant had rendered to the former trustee a full account, to which he made no objection, of disbursements from the proceeds and had paid over to the former trustee the entire balance shown by such account, even if it were assumed that the former trustee should not have authorized such disbursements or had not dealt properly with the balance paid to him.

BILL IN EQUITY, filed in the Superior Court on June 11, 1929, for an accounting.

Upon motion by the plaintiff Lillian E. Watson, the bill

was dismissed as to her.  The suit was heard by *Lummus,* J.
Material findings by the judge are stated in the opinion.  A
final decree dismissing the bill was entered by his order.
The plaintiff Daly appealed.

*J. F. Daly,* for the plaintiffs.

*E. O. Proctor,* for the defendant.

PIERCE, J.  On October 23, 1900, the Probate Court
for the county of Middlesex allowed the will of Joseph F.
Wilson, late of Somerville, deceased.  By the will John B.
McKenna, Charles H. Chambers and Frank R. Rogers
were made executors and trustees.  All the real estate
was given by the will to said trustees under a trust which
was to continue for ten years from the allowance of the
will, and at the expiration of the trust the trustees were
directed to divide the trust estate according to the dispo-
sition made of the residue of the estate in the residuary
clause in the will.  By the residuary clause the testator gave
the rest and residue to his next of kin and heirs at law as
they might be at the time of his death and in the same
shares and proportions that they would take under the laws
of Massachusetts providing for the disposition of the
estate, with certain provisions not material to the decision
of this case.  Said McKenna, Chambers and Rogers were
appointed and qualified as executors and trustees.  Rogers
died in November, 1904, and McKenna resigned in March,
1906, leaving Charles H. Chambers as sole executor and
trustee.  A final account of the executors was filed on April
12, 1907, but never was allowed.  Charles H. Chambers
continued to be trustee until his death on March 17, 1925.
At that time he was a resident of the State of New York.
Under G. L. c. 203, § 5, the plaintiff Daly was appointed
and qualified as trustee in his place.

On June 11, 1929, the plaintiff Daly, as trustee, and the
plaintiff Lillian E. Watson, as heir at law, brought this
suit to compel the defendant to account for $61,000 al-
leged to have been received by him as trustee from the
sale of certain real estate of the estate of Joseph F. Wilson,
deceased.  The defendant demurred to the bill of com-
plaint and assigned as reason therefor the misjoinder of the

plaintiff Lillian P. Watson. On July 24, 1929, the plaintiff Watson moved that the bill of complaint "be dismissed as to her." This motion was allowed.

The answer of the defendant sets up the following facts which are not disputed by the plaintiff: From November, 1918, until February 22, 1920, the defendant and one Ruby were copartners in the practice of law, in Boston. During this period the firm, and the defendant as a member thereof, were employed as attorneys for Charles H. Chambers of New York, trustee under the will of Joseph F. Wilson, deceased, in connection with various matters, including the sale of a large amount of real estate and leaseholds situated in the vicinity of Boston. After Ruby's death the defendant continued in the employ of said Chambers. One Rogers, a member of the bar of this Commonwealth, was general attorney and agent for said Chambers, trustee, in connection with various matters including the sale of a large amount of real estate. In the absence of Rogers on military service his wife, Louise Rogers, who was associated with her husband, acted in his place as general attorney and agent for said Chambers, trustee, and collected the rents and attended to details.

The presiding judge in the Superior Court, sitting without a jury, without a report of the evidence made a full finding of facts, the substance of which is as follows: During the summer of 1919, the trust estate was in bad condition. Many parcels of real estate had been suffered to be sold for taxes, many tax titles were outstanding and it was possible some had become unredeemable. A sale of the real estate was necessary for its preservation. At that time the trustee Chambers employed the firm of Ruby and Crawford to make a sale of the trust real estate or so much of it as could readily be sold. Mrs. Rogers, with the approval of the trustee, with her own money bought a large number of tax titles and procured customers for some of the property. The decree on which the sale was founded was entered in the Probate Court October 24, 1919, on the petition of Charles H. Chambers, as surviving trustee under the will of Joseph F. Wilson. The petition recited

that the trustee held for the benefit of certain persons fifty-six parcels of real estate therein described; and prayed that he might be ordered to convert the said trust estate into cash, and that distribution of the same might be decreed by the court among such persons as might be proved to be entitled thereto according to law. The persons named as beneficiaries in the petition were those who then held the beneficial interest under the residuary clause of the will. The decree ordered said trust estate, describing the fifty-six parcels shown in the petition, converted into cash and the proceeds distributed in certain proportions set forth in the petition and the decree. The decree recites that all persons interested assent to the petition and that no party objects thereto, and there were filed with the petition assents in writing by all persons interested.

The judge found that in obtaining this decree, Ruby and Crawford represented the petitioning trustee; that the firm of Ruby and Crawford was concerned in but one sale of real estate; that it disposed of forty-five different parcels of real estate for the price of $60,275, and of this amount Mrs. Rogers, assuming to represent the trust estate in negotiating the sale, received $3,000 as advance deposit from the agreed purchasers, leaving a balance of $57,275. It was agreed by the parties to this suit that only $31,691.98 ever came into the hands of the defendant, although an additional sum of $112.33 came into his hands by reason of a rebate of taxes. At the trial in the Superior Court the plaintiff disclaimed any attempt to charge the defendant with more than $31,804.31 shown by the answer as having been received. Of this $31,804.31 the judge found that, in accordance with the document marked "A" of receipts and disbursements, the defendant paid Mrs. Rogers a reasonable sum as a condition of release of tax titles which was essential to the carrying out of the sale; and that a reasonable sum was paid for a record fee. George W. Anderson, who had been an attorney for many years of the estate, presented a bill for services covering a number of years. The payment of this bill was authorized in writing by the trustee. Sums were paid in the reasonable settle-

ment of tax titles, for premiums on appeal bonds owned by the estate, and to an attorney for the purchasers of the trust estate for the purpose of paying off the taxes which were a lien upon the property sold. A small sum was paid Ruby and Crawford for various small cash disbursements, in all $21.90. The sum of $5,000 was paid Ruby and Crawford, and in part to the defendant after Ruby's decease, for services in the matter. The items of payment amount to $20,089.49. The balance, $11,714.82, was paid to the local agent of the trustee in Boston or to Charles H. Chambers, trustee, personally, in six payments. The total amount was deposited in the checking account of the trustee in a local bank, and no one except the trustee had the right or power to withdraw money from said checking account. The defendant rendered an account of the entire transaction to the trustee, and Chambers made no objection to any of the payments with the exception of the payment to Anderson, and to the size of the defendant's fee. After this accounting by the defendant in July, 1920, the defendant received no objection or complaint from the trustee and had nothing more to do with the matter.

The plaintiff urges that, by the decree of the Probate Court naming and describing the persons to whom the proceeds of the sale of the remaining real estate should be paid, such persons after twenty days from the date of the decree or the expiration of the time allowed for appeal were the equitable owners, if not the legal owners, of the money received from the sale, and that the only duty of the defendant was to pay the money over to these persons or to pay it in full to the trustee; and in the Superior Court contended that, "by the decree of the Probate Court . . . although no sum was stated in that decree at which the sale was to be made, the beneficiaries named in that decree became entitled to the gross receipts of the sale, or if not to the gross receipts then to the net proceeds of the sale, without any right on the part of the trustee to apply such net proceeds to the payment of existing indebtedness of the trust estate not constituting a part of the expenses of that particular sale. The plaintiff urges further that this

obligation bound not only the trustee himself, but also the defendant as attorney for the trustee, so that the defendant became personally bound to see to the correct application of the purchase money in accordance with the contentions of the plaintiff. The plaintiff further seeks to fasten liability upon the defendant upon the proposition that the trustee could not delegate to the defendant the power of distribution of the proceeds."

Upon the foregoing facts we are of opinion that it was necessary, in order to give title to the parcels of land directed to be sold, that there should be a redemption of outstanding tax titles, a payment of tax liens upon such parcels of real estate so far as they existed, and of all reasonable fees of counsel negotiating and conducting the sale, and that the word "proceeds" as used in the decree should be construed to mean "net proceeds" and not "gross receipts" as the plaintiff contends should be done. *Commonwealth* v. *Alexander*, 185 Mass. 551, 553. *Morrison* v. *Palmer*, 226 Mass. 383. The payment to Mr. Anderson, and the payment to Dority for premiums on appeal bond, were "proper charges . . . which ought to be allowed in . . . [the trustee's] account" as being disbursements rightly made in the employment of agents and attorneys. *Hanscom* v. *Malden & Melrose Gas Light Co.* 234 Mass. 374, 381. *Hayward* v. *Ellis*, 13 Pick. 272, 279. *Ensign* v. *Faxon*, 224 Mass. 145, 148.

Although the petition was under R. L. c. 147, § 20, we think no damage resulted of which the plaintiff can complain because a petition for the payment of debts of the estate was not filed and allowed under R. L. c. 147, § 15, as amended by Sts. 1907, c. 262; 1917, c. 279, § 42. So long as the estate owed debts and was liable for disbursements rightly made in the employment of agents and attorneys, it is plain there could be no final distribution ordered by the Probate Court under R. L. c. 147, § 20. (See now G. L. c. 203, §§ 16, 25.) If the trustee erred in paying expenses incidental to the sale or indebtedness of the estate, or failed to distribute the balance after doing so in accord with G. L. c. 203, § 25, his attorney who had accounted fully and ac-

ceptably to the said trustee cannot be held liable by a successor trustee for his client's improper payment or for his failure to account. *Cabot* v. *Shaw*, 148 Mass. 459, 460. *Coffey* v. *Rady*, 267 Mass. 301, 304. *Buzzell* v. *Schulz*, 273 Mass. 372. See G. L. c. 206, § 6. In the case at bar the defendant attorney had fully accounted to his client for all moneys in his hands and for all disbursements arising out of the relation of trust which existed between his client and himself. It was said by Morton, C.J., in *Cabot* v. *Shaw*, 148 Mass. 459, 460, that the "liability of an agent, who has acted in good faith, to repay money paid to him for his principal, arises only when the party paying it proves that he has the right to recall it, and that he has notified the agent and made a demand on him before the money was paid over to the principal." If Chambers made, or authorized to be made, any expenditures which cannot be justified, the successor trustee can require the representative of his estate to account in appropriate proceedings. G. L. c. 203, § 6. *Foster* v. *Bailey*, 157 Mass. 160. *Green* v. *Gaskill*, 175 Mass. 265. *Storer* v. *Coggan*, 260 Mass. 515.

*Decree affirmed with costs.*