EDMUND A. ROTHWELL *vs.* JAMES M. ROTHWELL & another, trustees, & others.

JAMES M. ROTHWELL & another, trustees, *vs.* EDMUND A. ROTHWELL.

SAME *vs.* SAME.

Norfolk. April 4, 1933. — July 3, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Trust,* Construction of instrument creating trust, Termination, Distribution, Trustee's compensation, Trustee's powers, Sale of real estate by trustee, Trustee's accounts, Petition for distribution, Duties of personal representative of deceased trustee. *Executor and Administrator. Probate Court,* Jurisdiction, Decree, Requests and rulings, Findings by judge.

Trustees under a will proved in 1894 were directed to invest the trust property in improved real estate used for the purposes of retail trade in large commercial cities in America and to keep it all so invested as far as possible; to "set aside each year during the continuance of this trust and add to the principal" ten per cent of the net income, which they were similarly to invest or to use for improvement of the real estate already a part of the trust estate; to make certain distributions of income; and, at "the expiration of one year from the death of" the survivor of two sons of the testator, the entire trust property "shall be divided into as many equal parts per capita and

not per stirpes as there may then be children of" the two sons living, and, if any one of them then shall have reached the age of forty-five years "my trustees shall convey each of said equal parts to the person or persons entitled thereto absolutely and in fee simple free from all trusts." The survivor of the sons died on November 20, 1928, at which time some of the children of the sons had reached the age of forty-five years. The trustees then held in their names as trustees real estate both in and outside of Massachusetts. By a petition filed in a probate court in April, 1931, one of the testator's grandchildren sought to compel conveyance to him of a one-fifth interest in common in the real estate held by the trustees and for an accounting to him as in equity a tenant in common. The Probate Court dismissed the petition. *Held,* that

(1) The trust was not to terminate one year from the death of the survivor of the sons, but only upon a conveyance by the trustees;

(2) Pending the settlement of their accounts and the ultimate conveyance to the beneficiaries, the trustees had power to perform any acts incidental to the conservation of the property;

(3) The trustees were entitled to charge against the trust estate, and to be allowed in their probate accounts, for a period after the one year from the death of the survivor of the testator's sons, compensation for their services properly rendered, disbursements for services of an attorney properly employed and other expenses properly incurred by them.

The Probate Court had jurisdiction to entertain and to grant a petition filed in April, 1931, by the trustees under the will above described, under G. L. c. 203, § 16, for leave to sell certain of the trust estate to pay debts properly incurred by them as trustees, where the personal property in their hands was not sufficient for that purpose.

One of the parcels of real estate held by the trustees under the will above described was, when purchased by them, subject to a mortgage of $100,000. It did not appear that they had assumed or agreed to pay the mortgage debt. The holder of the mortgage having called for payment of the note secured by it, one of the trustees in 1930 procured that the holder assign it to a bank and then gave his personal collateral security note to that bank. *Held,* that

(1) The conduct of that trustee was warranted;

(2) The mortgage debt was a proper basis for the maintenance of the petition by the trustees under G. L. c. 203, § 16.

An account filed by the trustees under the will above described stated that on December 31, 1929, they had on hand in their principal account over $240,000. The debts, for payment of which the petition to sell real estate was presented, did not exceed $115,000. One of the beneficiaries contended that it thus appeared that it was not necessary nor expedient to make the sale for which authority was sought, and that the debts should have been paid and the estate closed and distribution made by the trustees on November 20, 1929, one year after the death of the survivor of the sons of the testator. *Held,* that

(1) It did not appear that the sum shown by the trustees in their account to be on hand on December 31, 1929, was on hand on November 20, 1929;

(2) In the circumstances and the possibilities shown by the record, even assuming that a sufficient sum was on hand on November 20, 1929, the trustees could not have settled their accounts and made their conveyance before that date.

The facts, that the judge of probate ruled that "No act of the plaintiff . . . [in the petition above described to require conveyance and an accounting] nor judgment of the court, precludes him from objecting to acts of the accountants subsequent to November 20, 1929, respecting 'commissions,' charges for services of themselves and of their attorney, charges for expenses, charges for office rent, and so called 'Reserve' items appearing in . . . the accounts," and that no appeal was taken by the trustees from such ruling, did not require that the petitioner should not be precluded from pressing his contention that the trustees should have taken the money on hand in December, 1929, and paid the outstanding indebtedness, the ruling being construed by this court to mean only that the petitioner could not by affirmative acts or acquiescence cause an extension of the trust beyond the term prescribed by the testator.

Although, after November 20, 1929, the duties and powers of the trustees were limited to matters looking to the closing of the trust and a conveyance of the property and there no longer existed any reason for them, under the provisions of the will, to transfer ten per cent of income each year to principal, the fact that their accounts showed that they did do so did not require that the accounts should be changed, since the complaining beneficiary would receive the same amount as his share of the fund, whether as principal or income.

It appeared that, when the trustees accepted the trust, two who were their predecessors had not filed accounts for a period from 1894 to 1929, and one of the trustees, who was one of the executors of the wills of both of his predecessors as trustee, prepared and filed their accounts for such period and sought to charge the trust with $2,500 for such services. The judge of probate allowed the item. *Held*, that such allowance was improper, as the rendering of such accounts was a part of the duties of the personal representatives of the estates of the preceding trustees, who should be compensated therefor from such estates and not from the trust.

PETITION IN EQUITY, filed in the Probate Court for the county of Norfolk on April 11, 1931, by a grandson and beneficiary under the will of James Rothwell, late of Brookline, and described in the opinion; also a

PETITION IN EQUITY, filed in the same court on April 13, 1931, by the trustees under the same will, for leave to sell real estate under G. L. c. 203, § 16; also

Two PETITIONS, filed on May 4, 1931, and February 25, 1932, respectively, by the said trustees for allowance of their second and third accounts.

The petitions were heard by *McCoole,* J., a stenographer having been appointed under statutory provisions. Rulings made by the judge and decrees entered by his order are described in the opinion. Edmund A. Rothwell appealed.

*W. J. Good,* for Edmund A. Rothwell.

*F. H. Stewart,* (*F. X. Daly* with him,) for James M. Rothwell and another, trustees, and others.

CROSBY, J. The record contains seven appeals taken by Edmund A. Rothwell, who will hereinafter be referred to as the appellant, from decrees, rendered in the Probate Court for the county of Norfolk, in controversies between him as one of the beneficiaries under the will of James Rothwell and the trustees under that will, hereinafter referred to as the trustees. The first appeal is from a decree dismissing a petition in equity in the Probate Court which sought an immediate conveyance to the appellant of a one-fifth interest as tenant in common of the real property of the trust estate, and also for an accounting of the income. The second is from a decree overruling a plea by the appellant to the jurisdiction of the Probate Court to grant a petition by the trustees for leave to sell one parcel of real estate alleged by them to be held by said trustees. The third is from a decree allowing the above petition of the trustees. The fourth is from a decree denying a motion of the appellant to reopen the first account of the trustees respecting certain items. The fifth and sixth are from decrees allowing the second and third accounts respectively of the trustees. The seventh is from a decree denying certain requests made by the appellant at the hearing together of the above matters by the judge of probate.

James Rothwell died testate, and in 1894 his will was duly allowed by the Probate Court in Norfolk County. He was survived by his widow, Emily Rothwell, and two sons, William H. Rothwell and James E. Rothwell. The will established a trust. The trustees were directed to invest the trust property in improved real estate used for purposes of retail trade in some of the large commercial cities of America and to keep all the trust estate so invested

as far as possible. Under paragraph "F" of the will it is provided in part as follows: "At the expiration of one year from the death of the second brother the entire trust property (except so much as may be necessary to carry out the terms of paragraphs A and B of this will, should the beneficiaries thereunder be alive, and at their respective deaths that also) shall be divided into as many equal parts per capita and not per stirpes as there may then be children of said James E. Rothwell and William H. Rothwell living, whether now or hereafter born, including also any child who may have deceased leaving issue then living or en ventre sa mere, said issue counting one part by way of representation. If at that time any one of the children of said James E. Rothwell or William H. Rothwell who may be living at my decease has attained the age of forty five years, or if all of said last described children shall have then deceased, my trustees shall convey each of said equal parts to the person or persons entitled thereto absolutely and in fee simple free from all trusts." The life beneficiaries were named in paragraphs "A" and "B" of the will. All of them have deceased. The words "second brother" refer to the survivor of the testator's two sons — William H. Rothwell and James E. Rothwell — the survivor being James E. Rothwell who died November 20, 1928. At that time there were living three children of William H. Rothwell, namely, James M. Rothwell, present trustee, Gertrude R. Clapp and Elise R. Brush, and two children of James E. Rothwell, namely, the appellant Edmund A. Rothwell and Eleanor R. Berger. It appears that some of these five children were then over forty-five years of age. The trust has not yet been terminated. · The trustees have continued to hold and manage the trust estate as such trustees after the expiration of the year from the death of James E. Rothwell. During this period the trustees have carried ten per cent of the net income to the principal account. By paragraph "C" of the will they were directed to "set aside each year during the continuance of this trust and add to the principal a sum equal to·ten per centum of the entire net income of the trust estate, investing the same from

time to time in improved business real estate of the character heretofore described, or using it in the improvement of real estate already held in trust. Until so invested, or used, my trustees shall deposit the same at interest in some Savings Bank, National Bank or Trust Company, or in their discretion may invest the same in personal securities, but in such only as Savings Banks may at the time be authorized to hold under the then laws of the Commonwealth of Massachusetts.''

The trustees have divided the net income (less the ten per cent above referred to) among the five beneficiaries, as provided by the will. The appellant has received and accepted this distribution of income so made. The corpus of the trust consists of five parcels of real estate in Massachusetts, one parcel of real estate in Iowa, a mortgage on real estate in Rhode Island, and cash. One of these parcels was subject to a mortgage in the sum of $100,000 which was overdue. The trustee James M. Rothwell, with the money obtained from the Merchants National Bank of Boston, procured an assignment of this mortgage by the mortgagee to the bank. To obtain the money from the bank he gave his note to the bank and gave as collateral to the note the assignment of the mortgage, and personal property owned by him, namely, one hundred shares of stock of the State Street Trust Company, some telephone stock and Liberty bonds. This transaction appears to have been carried out in 1930. This evidence was presented at the hearing held June 14, 1932, on the trustees' second and third accounts. There was evidence that the trust estate owed the trustees for fees and services $10,000, and for attorneys' fees estimated at $5,000. There was not sufficient personal estate to pay these amounts and the petition for the sale of a part of the real estate was brought by the trustees to obtain money to pay them.

The trustees have filed three accounts since the death of James E. Rothwell: the first for the period from June 11, 1929, to December 31, 1929; the second for the period from January 1, 1930, to December 31, 1930; and the

third, filed February 25, 1932, for the time from January 1, 1931, to December 31 of that year.

The principal issues between the parties relate to the proper construction of the will and as to what period of time the trust comes to an end and the trust estate is to be conveyed by the trustees to the ultimate beneficiaries. It is the contention of the appellant that the trustees were to invest the trust property in a certain kind of real estate and keep it so invested; that they were given one year from the death of James E. Rothwell, the surviving son of the testator James Rothwell, in which fully to finish their duties and to distribute and convey the entire property in their hands and possession; that they were not given any longer time; that at the end of that year, namely on November 20, 1929, they had no further power to act as trustees except to distribute and convey the property to the ultimate beneficiaries as tenants in common of undivided one-fifth interests; that these beneficiaries at the end of that year were in effect equitable tenants in common of one undivided one-fifth interests with the power to require, each of them, a division in accordance with the provisions of the will; and therefore that his petition in equity should have been granted; that his plea to the trustees' petition for leave to sell a certain parcel of real estate for the payment of debts should have been allowed, and the petition dismissed; that the first account of the trustees so far as it related to a reserve for principal should have been reopened and those items disallowed; that the second account of the trustees, so far as it related to a reserve for principal, trustees' fees, attorneys' fee, office rent, office expense and an item called "Discount" should have been disallowed, and that the accounts should be readjusted accordingly. Like items except for attorneys' fee, with the addition of an item for travelling expense, are objected to by the appellant in the trustees' third account. The appellant also objects to an item in the second account which is a charge for compensation to James M. Rothwell for special services in preparing and rendering probate accounts cover-

ing the period from the year 1894 to the year 1929, both inclusive. Shortly stated, the contention of the appellant is that one year after the death of James E. Rothwell the trust came to an end, the only power remaining in the trustees being to convey to the ultimate beneficiaries.

It is plain that the trust was not self-executing and the appellant does not contend that it is. At the expiration of one year from the death of James E. Rothwell the trustees did not become mere dry trustees. The trust required them to pay over the net income and upon an event certain to convey the corpus of the trust. The duty to convey conferred upon them active duties, which prevented the statute of uses from executing the use, for to enable them to convey at the time and to the persons or classes of persons designated in the will it was necessary for the legal title to be and remain in them. *Phillips* v. *Vermeule*, 88 N. J. Eq. 500. *Christine* v. *Baldwin*, 95 N. J. Eq. 83. *Kirton* v. *Howard*, 137 S. C. 11, 23, 24. *Crow* v. *Crow*, 348 Ill. 241, 244, 245. Perry on Trusts (7th ed.) §§ 305, 351. Compare *Westcott* v. *Edmunds*, 68 Penn. St. 34, 36; notes, 86 Am. Dec. 512; 100 Am. St. Rep. 102, § 2b. The trust in the case at bar did not terminate on November 20, 1929. It terminates upon the conveyance. In *Christine* v. *Baldwin*, 95 N. J. Eq. 83, it was held that the duties and powers of the trustees do not cease until they have so divested themselves. It does not appear in *Christine* v. *Baldwin* that there is any difference in the character of the duties and powers of the trustees before and subsequent to the death of the life tenant or the happening of the event upon which the trustees are to convey, but it is plain that they are not the same; their powers and duties subsequent to the happening of the event are limited to matters looking to a conveyance of the property. These include the liquidation of their indebtedness and acts incidental to the conservation of the property pending the settlement of their accounts. At the time the petition in equity was brought by the appellant for conveyance of the property, apart from the mortgage debt, the trust estate was obligated for trustees' fees of $10,000 and for attorneys' fees estimated at $5,000.

G. L. (Ter. Ed.) c. 206, § 16, expressly provides that the trustee shall have reasonable compensation for his services. Disbursements rightly made in the employment of attorneys are proper charges of trustees. *Hanscom* v. *Malden & Melrose Gas Light Co.* 234 Mass. 374, 381. *Daly* v. *Crawford,* 279 Mass. 262, 267. The personal property immediately available to be applied to the payment of these obligations was less than $5,000. When the appellant's petition was filed the second and third accounts of the trustees had not been adjudicated or determined. In these circumstances the decree dismissing the petition for a conveyance was proper. See *Green* v. *Gaskill,* 175 Mass. 265, 269; *Daly* v. *Crawford,* 279 Mass. 262.

The decrees of the Probate Court overruling the appellant's plea to the petition of the trustees for leave to sell certain of the trust estate to pay debts and granting the petition show no error. The Probate Court had jurisdiction to entertain the petition. G. L. (Ter. Ed.) c. 203, § 16. See *Daly* v. *Crawford,* 279 Mass. 262. The evidence warranted a finding of facts justifying the action of the judge of probate. When the petition to sell was brought one of the parcels as previously herein stated was subject to a mortgage in the sum of $100,000 which was overdue. This mortgage was on the property when it was purchased by the trustees. It does not appear that they assumed or agreed to pay the mortgage debt. In consequence of a call for the payment of this mortgage the trustee James M. Rothwell procured an assignment of it to the Merchants National Bank and he gave his note to that bank. There was not sufficient personal estate to pay the amount of this mortgage or the amount due the trustees for fees estimated at $10,000 and attorneys' fees estimated at $5,000. In these circumstances it cannot be said that the sale of the real estate to pay debts was not necessary or expedient. G. L. (Ter. Ed.) c. 203, § 16.

The appellant contends that the acts of James M. Rothwell as trustee were wholly outside the explicit limitations and powers of the trustees under the will, and therefore were acts solely on his personal responsibility; so that, while the

real estate may of record be subject to the mortgage of
$100,000, neither the trust estate nor the trustees were
under obligation to pay it. This contention is not sound.
At the time James M. Rothwell procured the assignment of
the mortgage the trust was not terminated. Pending the
settlement of their accounts and the ultimate conveyance
to the beneficiaries the trustees had power to perform any
acts incidental to the conservation of the property. The
mortgage was called for payment, and the equity of redemp-
tion might° have been lost by foreclosure. Manifestly the
acts of the trustee James M. Rothwell were warranted.

The appellant contends that at the time of the hearing
on the accounts the trustees had on hand $30,000 in cash.
This fact is immaterial, even allowing also for amounts set
up under paragraph "C" of the will, in view of the fact that
the total indebtedness was approximately $115,000.

The appellant further contends that the trustees' second
account shows in the first item of schedule A that they had
on hand before November 20, 1929, a large sum as principal
amounting to $240,959.55 with which they could have
settled their accounts, paid the debts and made the convey-
ances as required by the will before November 20, 1929.
But it does not appear that this sum was on hand prior to
November 20, 1929. It merely appears that it was on hand
on December 31, 1929. It was the "Balance of principal
according to next prior account" to December 31, 1929.
The will provided, following the portion hereinbefore quoted:
"If, however, any of said children who were living at my
death are then alive and no one of them has attained the
age of forty five years, the trust shall continue until such
time as some one of said children who was alive at my death
shall have attained said age of forty five years, or if no one
of them attains that age until the death of the last survivor
when my said trustees shall convey each of said equal parts
to the person or persons entitled thereto absolutely and in
fee simple free from all trust." Some of the five children of
James E. Rothwell and William H. Rothwell were over
forty-five years of age when James E. Rothwell died, No-
vember 20, 1928. The children who were over forty-five

years of age might have died before November 20, 1929, leaving younger children in the group who might not attain the age of forty-five years until possibly long after November 20, 1929. Clearly in view of that possibility, assuming that the sum to which the appellant refers was on hand prior to November 20, 1929, the trustees could not have settled their accounts and made their conveyances prior to November 20, 1929. The fact that the amount was on hand after that date does not aid the appellant.

There was a distribution of $300,000 — $60,000 to each of the five beneficiaries. Apparently this was made on July 24, 1930, that being the date when the payment of that amount was made to the appellant. Although payment of the $100,000 mortgage was called in 1930, the exact date does not appear, it may have been after the distribution of the $300,000 to the beneficiaries. The trustees, at the time of this distribution, may have believed it would be possible to settle their accounts and convey the property before there was a demand for payment of the mortgage. Furthermore, if it be assumed that the mortgage was called and the acts of James M. Rothwell in procuring the assignment took place before the said $300,000 was distributed, the appellant is not in a position to contend that the trustees should have taken this money and paid the outstanding indebtedness. It may reasonably be inferred that this distribution was made at his request. His wife obtained a divorce from him and a divorce trust was created at the time to protect her financial interest in his property. There was an attachment of his interest in the estate of James Rothwell to secure the payment of the divorce trust. It is apparent that the primary purpose of this particular distribution was to settle the divorce trust for the benefit of his wife. The facts that the trial judge at the appellant's request ruled that "No act of the plaintiff, Edmund A. Rothwell, nor judgment of the court, precludes him from objecting to acts of the accountants subsequent to November 20, 1929, respecting 'commissions,' charges for services of themselves and of their attorney, charges for expenses, charges for office rent, and so called 'Reserve' items appearing in schedules

A and C of the accounts," and that no appeal was taken by the trustees from this ruling, do not prevent it being held that the appellant is precluded from pressing his contention that the trustees should have taken this money and paid the outstanding indebtedness. The ruling properly construed means only that the appellant could not by affirmative acts or acquiescence cause an extension of the trust beyond the term prescribed by the testator. See *Matter of Miller*, 257 N. Y. 349, 357.

The decree of the Probate Court denying the appellant's motion to reopen the trustees' first account and the decree allowing the third account are affirmed, but the decree allowing the second account is reversed and item 9 of schedule B of $2,500 as extra compensation to James M. Rothwell for special services in preparing probate accounts covering the years 1894 to 1929, both inclusive, is disallowed. This item of $2,500 will be hereinafter referred to.

The general finding allowing the accounts warrants the inference that the trustees are free from fault and have administered the trust estate in accordance with their duty under the will and the applicable principles of law. "The final decree imports a finding of all facts necessary to that result, although not specified." *Anderson* v. *Bean*, 272 Mass. 432, 437. The appellant's main contention is that the trust terminated on November 20, 1929; that the only power remaining in the trustees was to convey to the ultimate beneficiaries; that by the allowance of the accounts after November 20, 1929, he is compelled to contribute for services, expenses of counsel, expenses of maintaining an office, travelling expense and discount charges, undertaken by the trustees beyond their powers after November 20, 1929. As hereinbefore set forth we are of opinion that the trust did not terminate automatically on the above date. It cannot be said that these items of charges and expenses were incurred in excess of the powers of the trustees.

The appellant contends that the trustees were not authorized to carry ten per cent of the net income to the principal account after November 20, 1929, and that the second and third accounts should be changed with respect to these

items.   The appellant's argument in support of his motion to reopen the first account is for the same reason.   This question, which relates to all three accounts, is the same as to each and need not be dealt with separately.   This reserve income fund was provided for by paragraph "C" of the will, and was to be invested in improved business real estate or used in the improvement of real estate already held in trust. Subsequently to November 20, 1929, the duties and powers of the trustees were limited to matters looking to the closing of the trust and a conveyance of the property.   No occasion existed after that date for making these payments from income to principal.   It does not, however, follow that the accounts should be changed with respect to these items for the result is the same whether the appellant receives his share of such income from the principal account or from an income account.   The appellant objects to item 9 of schedule B in the trustees' second account and hereinbefore referred to.   It is a charge for compensation to James M. Rothwell for special services in preparing and rendering probate accounts of the trustees from 1894 to 1929, both inclusive.   The predecessors of the present trustees had filed no accounts during this period.   Those trustees were William H. Rothwell and James E. Rothwell.   James M. Rothwell was one of the executors of the will of William H. Rothwell and one of the executors of the will of James E. Rothwell.   It was the duty of the executors of the wills of these deceased trustees to file accounts on behalf of their estates.   The accountant James M. Rothwell had no authority to make this charge against the trust estate.   His claim, if any, is for services performed for the estates of William H. and James E. Rothwell.   To render accounts was a part of their duties to be compensated for in their charges for administering the trust.   It further appears that James M. Rothwell became a trustee in 1926 and consequently, during a portion of the period for which extra compensation was allowed under this item, he was under a duty as trustee to render accounts.   Accordingly, the decree on the second account, so far as it allowed this item, is reversed.

The appellant contends that the trust came to an end on November 20, 1929, in view of the decisions of this court construing the will of John W. Trull. *Heard* v. *Read,* 169 Mass. 216. *Heard* v. *Read,* 171 Mass. 374. *Heard* v. *Trull,* 175 Mass. 239. The will construed in those cases conveyed no direction to the trustees to convey. Furthermore, no question whether real estate could be sold to pay debts of the trust estate where there was not sufficient personal estate to meet them was raised in those cases. Nor was this question presented in *Davis, petitioner,* 14 Allen, 24, cited and relied on by the appellant.

The appellant's requests for rulings need not all be considered in detail. In the petition in equity brought by the appellant he requested the court to rule that "The trust under the will of James Rothwell terminated one year after the death of James E. Rothwell." This request was "Given, but subject to right of trustees to liquidate indebtedness incurred." This ruling did not embody an accurate statement of the law, but the appellant cannot complain, for, as given, it was too favorable to him. Request 9 (c) relating to the second account was as follows: "On the law and the evidence, in the second account now before the court, schedule B, item 9, should not be allowed." This request which relates to the charge of $2,500 for rendering the probate accounts from 1894 to 1929 both inclusive, and hereinbefore referred to, should have been given. The decree allowing the second account so far as it relates to this item is reversed. In other respects the decrees of the Probate Court are affirmed.

*Ordered accordingly.*