HARRY BROMFIELD *vs.* ALEXANDER G. GOULD.

Suffolk.    February 6, 7, 1934. — January 4, 1935.

Present: CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Contract*, Implied, What constitutes.    *Agency*, Liability of agent.    *Practice, Civil*, Ordering verdict.

At the trial of an action for $600, money alleged to have been had and received by the defendant to the plaintiff's use, there was evidence that the defendant was attorney for a trustee in bankruptcy and as such negotiated for a settlement for $1,200 of a claim against the plaintiff and another; that the plaintiff paid $600 to the defendant on an understanding that if, within a more or less definite period, the balance of the $1,200 was not paid to the defendant, the money already in his hands should be paid to the trustee in bankruptcy to be applied by him, on account, to the claim in question; that the defendant brought an action against the present plaintiff and another to enforce the claim and procured executions, the execution against the present plaintiff's codefendant being paid and the court ordering that the judgment against the present plaintiff be adjudged satisfied in full by such payment; that, without any demand being made upon him by the plaintiff, the defendant thereafter paid over the $600 which he had received to the trustee in bankruptcy; and that the defendant gave the plaintiff credit for that amount in the action which he brought against the plaintiff and another.  A motion that a verdict be ordered for the plaintiff was denied.  There was a verdict for the defendant. *Held*, that

(1) Findings being warranted that there was no agreement binding the defendant personally to repay to the plaintiff the money in question and that the plaintiff made no demand on the defendant for the money before the defendant paid it to the trustee in bankruptcy, the claim of the plaintiff against the defendant was not established beyond question, irrespective of whether the plaintiff was entitled to recall the money; and it was proper to deny the motion for a verdict in the plaintiff's favor;

(2) The mere bringing of the action against the plaintiff and another by the defendant as attorney for the trustee in bankruptcy did not as a matter of law make the subsequent payment by the defendant to the trustee in bankruptcy wrongful;

(3) It was not open to the plaintiff in this proceeding to attack the judgment in the action brought against him as improperly entered or as not giving him the benefit of credit for the $600;

(4) In view of all the evidence, there was no error in the refusal of a request by the plaintiff for a ruling that, "if the money was given by

the plaintiff to the defendant" as attorney for the trustee in bank-ruptcy, "and if the money was still in the hands of the defendant when the settlement was not consummated, then the defendant is bound to refund money so given";

(5) It was proper to instruct the jury that, "if the defendant made an arrangement with the plaintiff's attorney for a $1,200 settlement of a claim of" the trustee in bankruptcy against the plaintiff and another, "and if the plaintiff . . . delivered to the defendant $600 . . . in part payment of the agreed settlement, and if the defendant was ready and willing to put through the settlement on payment of the balance, but the balance was never forthcoming, then the plaintiff cannot recover . . . the $600 so paid, unless the defendant agreed that he would pay it back if the other $600 was not forthcoming."

CONTRACT. Writ dated September 18, 1931.

In the Superior Court, the action was tried before *Collins*, J. There was a verdict for the defendant. Material evidence and exceptions saved by the plaintiff are described in the opinion.

*B. Goldman*, (*C. J. Isber* with him,) for the plaintiff.

*E. Greenhood*, for the defendant.

FIELD, J. This is an action of contract on an account annexed for two items, $500 and $100, money had and received. The defendant pleaded general denial and pay-ment, and that the defendant, as attorney for a trustee in bankruptcy, received the sum of $500 from the plaintiff and turned it over to the trustee who duly accounted for it in the bankruptcy proceedings. The case comes before us on the plaintiff's exceptions to the denial of his motion for a directed verdict in his favor, to the refusal to rule as requested by the plaintiff and to an instruction given the jury as requested by the defendant.

There was no error.

1. A verdict for the plaintiff could not have been directed rightly.

It is undisputed that the defendant was attorney for Thomas M. Vinson, trustee of a bankrupt estate; that he negotiated with an attorney for the settlement of a claim of the bankrupt estate against three persons, of whom the plaintiff was one, and an arrangement was made, subject to the approval of the referee in bankruptcy, for the settlement of this claim against these persons for $1,200; that the de-

fendant received $650 in connection with the settlement — a check for $500 and another for $100, both drawn by the plaintiff and payable to the trustee in bankruptcy, and $50 in cash — but never received the balance of the $1,200; and that the defendant as attorney for the trustee brought an action against the three persons above referred to (including the plaintiff) and two other persons on the claim in question. The present action is brought to recover from the defendant personally the sum of $600 paid by the plaintiff's checks.

The defendant admits that he received $500 of the plaintiff's money, but whether another $100 received by the defendant was money of the plaintiff was a question of fact on the evidence.

The defendant testified, without contradiction, that he deposited the two checks in his own bank account and, more than two years later, gave checks to the trustee in bankruptcy for the aggregate amount of $650 — one for $150 on March 24, 1930, and one for $500 on May 13, 1930 — and in the meantime brought the action against the plaintiff and others in the United States District Court. The record in that action was in evidence. It showed that the action was based on the conversion of certain trucks, that separate judgments were obtained and executions thereon issued against the present plaintiff and another person on a joint tort, and it also showed satisfaction of the execution against the other defendant filed September 21, 1929, and an order on March 28, 1930, that the judgment against the present plaintiff be adjudged satisfied in full by such payment.

The plaintiff contends that his money was received by the defendant as a stakeholder on an express or implied agreement binding the defendant personally to repay it if the balance of the $1,200 was not paid and that since this balance was never paid the defendant became liable personally to the plaintiff for the plaintiff's money received by him. See Am. Law Inst. Restatement: Agency, § 339, h. The evidence, however, did not require a finding that the plaintiff's money was received by the defendant on such

an express or implied agreement. On the contrary it could have been found that the plaintiff's money was paid to the defendant on the understanding that if, within some more or less definite period, the balance of the $1,200 was not paid to the defendant the money already in his hands should be paid to the trustee in bankruptcy to be applied by him, on account, to the claim in question. The testimony of the defendant, though somewhat confused, did not preclude such a finding. And it could have been found that the defendant paid to the trustee in bankruptcy the money which had been paid to him. Consequently it could not have been ruled as matter of law that the plaintiff was entitled to recover on the ground of an agreement binding the defendant personally to repay to the plaintiff money in his hands received from the plaintiff.

Nor could it have been ruled as matter of law that the plaintiff was entitled to recover on the ground that the defendant, as attorney for the trustee in bankruptcy, had in his hands money received from the plaintiff to which the trustee was not entitled or that the defendant had paid over such money to the trustee after he knew that he ought to return it to the plaintiff. The applicable principle of law, in the absence of proof of an agreement binding the attorney personally, is that the "liability of an agent, who has acted in good faith, to repay money paid to him for his principal, arises only when the party paying it proves that he has the right to recall it, and that he has notified the agent and made a demand on him before the money was paid over to the principal." *Cabot* v. *Shaw*, 148 Mass. 459, 460. *Daly* v. *Crawford*, 279 Mass. 262, 268. Here, however — laying to one side the question of the plaintiff's right to recall the money — there was no evidence that the plaintiff made demand on the defendant for the money received by him from the plaintiff before it was paid over to the trustee in bankruptcy. And the mere bringing of the action in the United States District Court against the plaintiff and others by the defendant, as attorney for the trustee in bankruptcy, did not make payment thereafter by the defendant to the trustee wrongful if the jury found, as they might have done,

that the plaintiff's money received by the defendant was to be paid to the trustee to be applied, on account, to his claim against the plaintiff in case the proposed settlement was not carried out by payment of the balance of the $1,200.

Nor could it have been ruled as matter of law, in accordance with the contention of the plaintiff, relying on *Fowler* v. *Shearer*, 7 Mass. 14, 22, and *Nettleton* v. *Beach*, 107 Mass. 499, that the defendant was liable to the plaintiff for money received by him from the plaintiff because, as attorney for the trustee in bankruptcy, he failed to give the plaintiff proper credit therefor in the action in the United States District Court. There was evidence that the defendant gave the plaintiff credit in that action for money received from him and a contrary finding was not required by the record of that action. Even if the credit was given in connection with the entry of a separate judgment against the present plaintiff, it is not open to the plaintiff in this proceeding to attack that judgment as improperly entered or as not giving him the benefit of the credit.

Whether the refusal to direct a verdict for the plaintiff can be sustained on other grounds need not be considered.

2. For reasons already indicated there was no error in the denial of the plaintiff's request that "If the money was given by the plaintiff to the defendant, as attorney for Thomas M. Vinson, and if the money was still in the hands of the defendant when the settlement was not consummated, then the defendant is bound to refund money so given."

3. It was not error to instruct the jury in accordance with the defendant's request which was as follows: "If the defendant made an arrangement with the plaintiff's attorney for a $1,200 settlement of a claim of Vinson against the plaintiff *et als.*, and if the plaintiff through his attorney delivered to the defendant $600 in checks in part payment of the agreed settlement, and if the defendant was ready and willing to put through the settlement on payment of the balance, but the balance was never forthcoming, then the plaintiff cannot recover back the $600 so paid, unless the defendant agreed that he would pay it back if the other $600 was not forthcoming." This ruling purported to deal with the situ-

ation where the defendant was "ready and willing to put through the settlement" and was correct on the facts assumed.

*Exceptions overruled.*