ESTATE OF GEORGE S. FISKE (DECEASED), GEORGE P. DAVIS AND EDWARD F. McCLENNEN, EXECUTORS UNDER THE WILL OF GEORGE S. FISKE, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 104440. Promulgated September 17, 1941.

*Allison L. H. Newton, Esq.*, for the petitioners.
*Martin M. Lore, Esq.*, for the respondent.

OPINION.

MURDOCK: The Commissioner determined a deficiency of $6,023.53 in income tax of this estate for the taxable year ended December 31, 1936. All of the facts essential to a decision of this proceeding are contained in a stipulation filed by the parties and hereby adopted by the Board as its findings of fact. The only issue for decision is whether 348/366 of real estate taxes and a part of trustees' commissions for the calendar year 1936 allocable to the period January 19 to the end of the year are deductible in computing the income of a trust distributable to this estate.

George S. Fiske died testate on January 18, 1936, while residing in Massachusetts. His duly authorized executors filed a return for the period January 19 to the end of 1936 with the collector in Massachusetts. They reside in Massachusetts.

The same individuals who were his executors were also trustees under a trust which he had established in 1903. The income of the trust was payable to Fiske for life and the trust property was to be used and disposed of after his death for or to such persons as he should appoint by will. He retained the power to alter the trust in any particular. The corpus of the trust was a part of his gross estate for estate tax purposes. Fiske made a number of bequests of specific amounts and placed all of the residue of his estate, including property over which he had any power or testamentary control, in trust.

The trustees of the 1903 trust did not distribute the trust funds promptly upon the death of the decedent, but continued to administer that trust during 1936. Meanwhile, they petitioned the probate court for instructions as to what to do with the trust funds. The court, on December 1, 1936, ordered the trustees of the 1903 trust to wind up its affairs and transfer the assets to themselves as executors, to use them, as if they had been owned outright by Fiske, along with his other assets, to pay debts, expenses, taxes, and legacies, and to place the remainder in the testamentary trust.

The 1903 trust property included a number of pieces of real estate situated in Boston upon which taxes for the year 1936 accrued on January 1, 1936. The taxes amounted to $13,870, were assessed to the trustees, and were paid by them on October 23, 1936. Trustees' commissions of $2,773.72, based upon a percentage of gross income for the entire year, were paid by the trust in 1936. The trustees accounted for each property separately, computed the net income on each for each year, carried that amount to general income from which general expenses were deducted, and paid the balance in the general income account for 1936 to the executors of Fiske. The net income of the trust for the entire year 1936 amounted to $14,006.90. The Commissioner apportioned $9,828.92 of the total gross income of the trust and $18,848.16 of the deductions to the period January 1 to January 18, 1936, and gross income of $34,984.89 and deductions of $11,958.75 to the taxable period involved herein, the remainder of the year. The entire real estate taxes and the entire trustees' commissions are included in the deductions for the first period of 18 days.

The whole contention of the Commissioner is that the 1903 trust should be ignored and the taxes and commissions accrued up to the date of the death of Fiske as if they were due from him before he died. He does not claim that the trust was invalid in any way under the laws of Massachusetts, that it was lacking in substance so that the income was taxable to the grantor under section 22 of the Revenue Act of 1936, or that cases like *Helvering* v. *Clifford*, 309 U. S. 331, apply. He would ignore the trust merely because the income was taxable to the grantor under section 167 and the trust was a revocable one, he says, within the meaning of section 166 of the Revenue Act of

1936 and section 302 (d) (1) of the Revenue Act of 1926 as amended, which would require the inclusion of the trust property in the gross estate for estate tax purposes. He cites no authority holding that a trust should be ignored for any of these reasons. There is no authority in the revenue act for disregarding the trust. The separateness of Fiske and this long established trust was recognized under the Revenue Act of 1936. Fiske was taxable as an individual. Section 161 applied to the trust and required that its income be computed separately. The two could have had different taxable periods and other differences. A specific provision was included to make the income of such a trust taxable to the grantor. Sec. 167. See also sec. 166. Cf. sec. 302 (d) (1) mentioned above. The trust may not be disregarded.

Furthermore, it did not terminate the moment Fiske died. It had to continue for a reasonable time to transfer its property to the proper persons and to wind up its affairs. *Rothwell* v. *Rothwell*, 283 Mass. 563. There was a question of what should be done with the trust property and the trust continued in operation until after the close of 1936. The trustees were allowed commissions for that period, which are involved in the issue for decision here.

The petitioners object to the method of the Commissioner whereby he taxes the estate with $23,026.14 from a trust which realized taxable income of but $14,006.90 for the entire year. They say they should be taxed with no greater part of the trust income than they could have obtained under the laws of Massachusetts. Actually all of the trust income for 1936 was paid to the executors. The Federal income tax act requires, however, that the income be divided into that which was distributable to the decedent up to the date of his death and that which was realized thereafter by the trust and was taxable to his estate. The laws of Massachusetts govern the rights of the distributees of a trust like this.

The real estate taxes are assessed each year to the owner of the property on the first day of the year and become a personal liability of that person. The properties of the 1903 trust stood in the names of the trustees on January 1, 1936. The trustees became personally liable for the taxes and could look only to the trust property for reimbursement. *Richardson* v. *City of Boston*, 148 Mass. 508; *J. L. Hammett Co.* v. *Alfred Peates Co.*, 217 Mass. 520; 105 N. E. 370. The taxes never became a personal liability of the decedent under the laws of Massachusetts, since he was not the owner of the property either on January 1 or later. The question here is not whether a portion of taxes which accrued on the property of the decedent before his death can be deducted from income realized by his estate after death. Rather it is one of determining the distributable income of the trust, how much of it Fiske was entitled to at the date of his death, and how much his executors were entitled to after his death.

Items like the real estate taxes relating to the entire trust year must be apportioned upon a time basis in determining the income of the two divisions of the year. *Taylor* v. *Bentinck-Smith* (Mass.), 24 N. E. (2d) 146. $^{18}\!/_{366}$ of the taxes would be deducted in computing the income distributable to Fiske and $^{348}\!/_{366}$ would be deducted in computing the trust income for the remainder of the year. The trustees' commissions were based upon a percentage of gross income of the trust for each year and accrued only as that income accrued. *United States* v. *Anderson*, 269 U. S. 422. Those paid on account of gross income realized by the trust after the death of Fiske had certainly not accrued at the time of his death upon any sound theory. They can only reduce the income of the trust for the later period. The commissions must be apportioned in proportion to the gross income of the trust for each period.

The Commissioner relied upon section 43 that deductions for the last taxable period of decedent should be accrued up to the date of death. This argument was based upon the theory that the trust should be ignored. The result reached herein in no way conflicts with sections 42 and 43. They refer to the income and deductions of a decedent, not those of a trust. This might be clearer, perhaps, in the case of a trust the income of which was payable to A for life and thereafter to B. The rights of those claiming through A as opposed to the rights of B would depend upon the law of the situs of the trust and would not be different because of sections 42 and 43. The same is true here, where the income distributable to the estate from the 1903 trust was not changed by those sections.

*Decision will be entered under Rule 50.*