*Northern District*

No. 5389

**PAUL GARRIGAN**
and
**MARY GARRIGAN**

v.

**HAROLD E. MITCHELL**

(May 9, 1960)

*Present:* Northrup, J. (Presiding), Brooks and Kelleher, JJ.

Case tried to *Connelly, J.,* in the District Court of Lowell. No. 2908 of 1958.

*Northrup, J.* This is an action of contract in which the plaintiffs seek to recover a deposit of $1700 made by them under a written agreement for the purchase of certain business property in Tyngsboro, Massachusetts.

*At the trial there was evidence tending to show* the following facts:

On June 11, 1958 one Edward Melanson and his wife, Muriel H. Melanson were the owners of a dairy bar business known as "The Dairy King" which business they conducted on the premises owned by them on Middlesex Road, Route 3, Tyngsboro,

Massachusetts. In addition to the real estate, the Melansons also owned the equipment and fixtures used in connection with said business. On the aforementioned date the Melansons engaged the defendant, who was an auctioneer, to sell all of the assets of said business, including the real estate, at private sale or public auction. The defendant chose to sell said business and business property at public auction and in furtherance thereof advertised the proposed auction sale in several papers including the Boston Globe. The plaintiffs saw the advertisement inserted by the defendant and talked with the defendant concerning the property and the proposed sale.

On June 30, 1958, as advertised, the auction sale of the property took place and the plaintiffs' bid of $17,000 was the highest offer for the same. The sellers accepted the plaintiffs' bid and on the same day a written purchase and sale agreement was entered into between the parties which called for a down payment of $1700. This payment was made by the plaintiffs in the form of a check payable to the defendant in said amount.

There was conflicting testimony as to the terms and conditions under which the deposit was made, but the trial court found as a fact that the deposit was held by the defendant in escrow. After the plaintiffs had arranged for the financing of the property, the Melansons turned their deed

over to the plaintiffs for title examination, and it was then that the plaintiffs discovered that the frontage of the property on the highway was only 200 feet instead of 300 feet as advertised. As a result of this discrepancy, the plaintiffs rescinded their agreement and demanded the return of their deposit which was refused. The plaintiffs thereupon brought suit against the defendant to recover the same.

At the conclusion of the evidence the defendant duly filed the following requests for rulings which were denied by the Court:

2. The evidence is not sufficient to warrant a finding for the Plaintiffs.

4. The Defendant is not accountable to the Plaintiffs for the deposit of $1,700.00 delivered to him as agent for the sellers.

5. The Defendant is accountable for the deposit of $1,700.00 to his principals, that is Edward J. and Muriel H. Melanson, the sellers of the property.

6. The Defendant is not legally obliged to return the deposit of $1,700.00 to the Plaintiffs, because they made the deposit of $1,700.00 in accordance with a written agreement for purchase and sale of real estate known as the "The Dairy King" in which agreement the Plaintiffs were the buyers and the Melansons were the sellers.

7. Any claims which the Plaintiffs have for return of the deposit is against the Melansons and not against the Defendant.

8. The Defendant is not legally liable in an action of contract arising out of an agreement entered into between his principals and a third party in which he acted as agent.

The trial court made the following findings of fact:

"I find that the property was described as having a frontage of 300 feet. I further find that the frontage was only 200 feet and that this discrepancy constituted a material misrepresentation which was relied on by the Plaintiffs at the time of the Auction sale and it went to the essence of the contract.

I find that the deposit check was given to the Defendant in "escrow" and that that was the intention of the sellers, buyers and Defendant.

As a result of the misrepresentation of the frontage of the property, the Plaintiffs were justified in rescinding their contract and demanding the return of their deposit from Defendant."

The court found for the plaintiffs in the sum of $1700 with interest from the date of the writ and the defendant duly claimed a report.

It is the contention of the defendant that, as a matter of law, he is not liable to the plaintiffs for the return of their deposit for the reasons that he was not a party to the purchase and sales agreement and that at no time did he act in any other capacity than that of authorized agent for the Melansons.

Since the defendant's requests for rulings are based upon this proposition, the correctness of the same is, in effect, the issue raised by the report.

We find no error in the trial court's denial of the defendant's said requests. These requests, and the defendant's argument in support of the same, are based upon the assumption that the trial court's finding re-

sulted from an act or omission committed by him as agent for the Melansons. This is an erroneous assumption as we will point out later. However, even if the defendant's assumption were true, the plaintiffs, upon the facts in this case, would still be entitled to recover against the defendant for monies had and received to the plaintiffs' use, under an exception to the general rule of law governing an agent's liability in contract, which is set forth in the following cases: *Cabot v. Shaw,* 148 Mass. 459, 460; *Daly v. Crawford,* 279 Mass. 262; *Bromfield v. Gould,* 289 Mass. 80, 83; *Union Mutual Casualty Ins. Corp. v. Insurance Budget Plan, Inc.,* 291 Mass. 62, 70.

The trial court's finding for the plaintiffs in this case was not based upon any principle of law involving the defendant's liability as an agent, but was based upon the theory of a personal liability incurred by him in his individual capacity. The trial court found as a fact that the plaintiffs turned the deposit over to the defendant in escrow. This finding necessarily implies an agreement to which both the plaintiffs and the defendant were parties and under such circumstances no question of privity of contract or of the defendant's liability as agent could arise. The defendant's liability resulted from a breach by him of the express or implied terms of his own agreement which was made at the time the deposit was turned over to him.

The principle of law governing the facts in the case at bar is too elementary to require

our citing any legal authorities in support of the same. Simply stated the principle is this — that one may be sued for monies held by him in escrow if he refuses to turn them over to the party legally entitled to them.

The defendant failed to recognize this principle and as a result, his requests for rulings Nos. 2, 4, 5, 6, 7 & 8 were not in accordance with the above facts found by the trial court, nor were they pertinent to the issue of law governing the same.

It follows therefore, that the defendant's said requests for rulings were properly denied by the trial court and that the *report must be dismissed.*

"So Ordered".

Paul Kazarosian of Haverhill, for the Plaintiffs.

Zacharer & Zacharer of Lowell, for the Defendant.