## APPEAL OF FANCY HILL COAL WORKS.

Docket No. 2847.   Submitted June 14, 1925.   Decided June 24, 1925.

The former trustee of a dissolved trust (which operated a business in such manner as to be taxable as a corporation), without authority from the persons liable to pay an additional assessment against the trust, is not a proper party to institute an appeal to this Board.

*Edward McCarthy, Jr., Esq.*, for the taxpayer.
*A. H. Murray, Esq.*, for the Commissioner.

Before IVINS, MARQUETTE, and MORRIS.

This appeal came on for hearing upon the Commissioner's motion to dismiss upon the ground that no appeal had been filed by the taxpayer or any authorized agent of the taxpayer.

IVINS: The taxpayer, a common-law trust taxable as a corporation, was dissolved about August 1, 1920. John B. Moore was the last operating trustee. On January 29, 1925, the Commissioner determined a deficiency against the taxpayer for income and profits taxes for the year 1920. From this determination John B. Moore filed an appeal in the name of the taxpayer, stating in his petition:

* * * the said John B. Moore without authority or office volunteers to answer the communication from the Department of Internal Revenue and to conduct an appeal to the Board of Tax Appeals * * *.

The Commissioner moves to dismiss this appeal upon the ground that it is not filed by the taxpayer or its authorized representative.

When a corporation is dissolved its directors continue to represent it, as trustees in liquidation, under the statutes of most of the States. But no authority has been cited to us for the proposition that a trustee of a dissolved trust continues to be a legal representative of the trust, and Moore in his petition admits that he acts without authority. The parties in interest are the shareholders among whom the assets of the trust were distributed in liquidation, the Commissioner must collect the deficiency, if any is to be collected, from them, and they are the proper persons to prosecute any appeal or defend any suit for collection.

The Commissioner's motion is granted and the appeal is dismissed.