VINCENT ENGINEERING COMPANY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
VINCENT ENGG. CO. v. COMMISSIONER
Docket No. 15059-92
United States Tax Court
T.C. Memo 1993-435; 1993 Tax Ct. Memo LEXIS 448; 66 T.C.M. (CCH) 791; September 20, 1993, Filed *448 An appropriate order of dismissal for lack of jurisdiction will be entered. For respondent: Michelle K. Loesch. FAY
FAY
MEMORANDUM OPINION FAY, Judge: This case was heard by Special Trial Judge James M. Gussis pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183. All section references are to the Internal Revenue Code, as amended. All Rule references are to the Tax Court Rules of Practice and Procedure. The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE GUSSIS, Special Trial Judge: This matter is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction filed September 9, 1992. The motion was taken under consideration by the Court at a hearing in San Francisco, California, on December 1, 1992. Respondent, in a statutory notice of deficiency dated April 15, 1992, determined the following deficiencies in, and additions to, petitioner's Federal income taxes: Additions to Tax
Year
Deficiency
Sec. 6653(a)(1) Sec. 6662(a)
1988
$ 114,897
$ 5,745
--
1989
141,991
-- $ 28,398
1990
127,490
-- 25,498
The petition filed *449 with the Court on July 6, 1992, was signed by one Mary L. Vincent, an individual who is not admitted to practice before the United States Tax Court. On August 4, 1992, respondent, by letter to Vincent Engineering Company, c/o Coopers & Townes, L.C., Trustee, P.O. Box 8043, Clearwater, Florida, 34616, stated that the petition was not filed by the proper party and suggested ratification of the petition by the trustee. There was no response. On September 9, 1992, respondent filed a Motion to Dismiss for Lack of Jurisdiction on the ground that the petition was not filed by the proper party pursuant to the Tax Court Rules of Practice and Procedure. On September 14, 1992, the Court ordered that a Trustee of Vincent Engineering Company might, on or before October 13, 1992, file with the Court an amendment to petition stating, if such be the case, that he or she ratified and affirmed the July 6, 1992, petition. No response to said Order was received by the Court. Vincent Engineering Company, an entity described as a "Common Law Contractual Company" was formed in or about 1987 pursuant to a "Declaration of Contract and Indenture" and authorized to exist and function through its Board *450 of Trustees. The Board of Trustees had all necessary powers to operate and manage Vincent Engineering Company for the benefit of Capital Unit Holders. The Board of Trustees was authorized to appoint a qualified nontrustee as general manager with authority to manage the routine day-to-day operations of the Contractual Company, subject at all times to the approval of the Board. At some time prior to December 2, 1991, Cooper & Townes, L.C. was designated as Trustee for Vincent Engineering Company and Mary L. Vincent was appointed general manager of the company. Pursuant to a resolution adopted December 2, 1991, Cooper & Townes, L.C., as Trustee of Vincent Engineering Company, proceeded to terminate the Contract and Indenture under which Vincent Engineering Company was authorized to operate. On December 2, 1991, Cooper & Townes, L.C., authorized Mary L. Vincent and Rebecca J. Vincent, on behalf of the Board of Transferee and Certificate Holders, to carry out the business of terminating the affairs of Vincent Engineering Company by attending to all outstanding affairs, making final transfers of any remaining funds, closing accounts and finalizing any and all other business at the earliest *451 date possible, all in accordance with the terms and conditions of the Declaration of Contract and Indenture. The designated individuals were authorized to prepare and execute all documents necessary to accomplish said termination or to submit the same to the Trustee for signature. On December 31, 1991, Cooper & Townes, L.C., resigned its position as trustee of Vincent Engineering Company without appointing a successor trustee. In the absence of any successor trustee, the resignation of Cooper & Townes, L.C. became effective 30 days after the tender of resignation on December 31, 1991. In moving to dismiss this case for lack of jurisdiction respondent contends that the petition herein was not signed by the proper party pursuant to the Rules of this Court. Petitioner has the burden of proving that this Court has jurisdiction. Patz Trust v. Commissioner, 69 T.C. 497, 503 (1977). Jurisdiction is predicated upon a petition timely filed by the person against whom the deficiency is determined. Secs. 6213 and 6214. Our Rules, promulgated under section 7453, provide that a case may be brought by and in the name of the person against whom the Commissioner *452 determined the deficiency, or by and with the full descriptive name of the fiduciary entitled to institute a case on behalf of such person. Rule 60(a). Said Rule further provides that a case timely brought shall not be dismissed on the ground that it is not properly brought on behalf of a party until a reasonable time has been allowed after objection for ratification by such party of the bringing of the case. Rule 60(c) provides that the capacity of a corporation to engage in litigation in the Tax Court shall be determined by the law under which it was organized. The capacity of a fiduciary or other representative to litigate in the Tax Court shall be determined in accordance with the law of the jurisdiction from which such person's authority is derived. See also Rule 23(a)(3). At the outset, petitioner offers no explanation as to the exact legal status of Vincent Engineering Company which purports to be a "Common Law Contractual Company". Although the company was allegedly formed pursuant to a Declaration of Contract and Indenture purportedly under Delaware law, it does not appear from the record that any such legal entity is recognized by the State of Delaware. Nor does *453 it appear that any record of incorporation exists in the State of California. Finally, there is an obscure suggestion on the record that Vincent Engineering Company may be a "Nassau Trust". In view of the evidentiary shortcomings in the record, we find it impossible to ascertain in any meaningful way the existence of the requisite capacity of Vincent Engineering Company to litigate in the Tax Court. Moreover, we do not believe that the December 2, 1991, resolution of the Trustee, Cooper & Townes, L.C., authorizing Mary L. Vincent, as general manager, to carry out the termination of the company in accordance with the terms of the Declaration of Contract and Indenture satisfies the requirements of our Rules. The Declaration of Contract and Indenture makes it clear that the actions of the general manager were at all times subject to the approval of the Board of Trustees. Here, the record shows that the resignation of the Trustee, Cooper & Townes, L.C., was effective 30 days after December 31, 1991. No successor trustee was ever appointed. It would appear then that any powers granted to Mary L. Vincent by the former trustee, Cooper & Townes, L.C., lapsed when the resignation of *454 such trustee became effective. In any event, petitioner failed to respond to an Order of this Court ordering that a Trustee of Vincent Engineering Company, on or before October 13, 1992, file with the Court an amendment to the petition stating, if that be the case, that he or she ratified and affirmed the July 6, 1992, petition. We must conclude on this record that petitioner has failed to meet its burden of showing that the Court has jurisdiction over this matter. See Rules 23(a)(3), 60(a)(1) and (c). On this record, respondent's Motion to Dismiss for Lack of Jurisdiction will be granted. An appropriate order of dismissal for lack of jurisdiction will be entered.