THERESE STECKLER TRUST FBO JOHN R. STECKLER, ET AL., [1] Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent Therese Steckler Trust FBO John R. Steckler v. Commissioner
Docket Nos. 14397-90, 14617-90, 14618-90, 14619-90
United States Tax Court
T.C. Memo 1994-257; 1994 Tax Ct. Memo LEXIS 252; 67 T.C.M. (CCH) 3059; June 6, 1994, Filed *252 For respondent: Susan Canavello. WELLS
WELLS
MEMORANDUM OPINION WELLS, Judge: The instant case is before us on respondent's motion to dismiss for lack of prosecution. At a hearing in New Orleans, Louisiana, on the instant motion, respondent appeared and was heard. No appearance was made by or on behalf of petitioners. Robert J. Steckler, however, attended the hearing and was specially recognized. Additionally, the Court received a letter from Donaldson L. Steckler, as beneficiary of the Therese Steckler Trust. Mr. Steckler's letter was filed as a statement under Rule 50(c). Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all rule references are to the Tax Court Rules of Practice and Procedure. In his statement, Donaldson L. Steckler contends that Hibernia National Bank was not authorized to act under Louisiana law on behalf of the Therese Steckler Trusts when the notices of deficiency were mailed and that the notices of deficiency are therefore invalid. Donaldson L. Steckler also contends that the Court lacks jurisdiction because Hibernia National Bank did not have authority to file the petitions. *253 Respondent determined the following additions to tax against petitioners: Therese Steckler Trust FBO John R. Steckler, Hibernia National Bank, Successor Trustee For First National Bank of Covington[2]Docket No. 14397-90
3*Additions to Tax
Year
Section 6651(a) Section 6653(a)/6653(a)(1)
Section 6653(a)(2) 1980
$   874.12
$   174.82
-0- 1981
7,374.27
1,474.85
[1]
1982
3,715.41
743.08
[1]
1983
241.13
48.23
[1]
Therese Steckler Trust Hibernia National Bank, Successor Trustee For First National Bank of Covington Docket No. 14617-90
Additions to Tax
Year
Section 6651(a) Section 6653(a)/6653(a)(1)
Section 6653(a)(2) 1979
$   654.58
$   138.81
-0-
1980
874.12
174.82
[1]
1981
7,251.07
1,450.21
[1]
1982
3,989.70
797.94
[1]
1983
316.27
63.25
[1]
*254 Therese Steckler Trust FBO Janis R. Steckler Hibernia National Bank, Successor Trustee For First National Bank of Covington Docket No. 14618-90
Additions to Tax
Year
Section 6651(a) Section 6653(a)/6653(a)(1)
Section 6653(a)(2) 1980
$   874.12
$   174.82
-0-
1981
7,374.27
1,474.85
[1]
1982
3,715.41
743.08
[1]
1983
241.13
48.23
[1]
Therese Steckler Trust FBO Eric D. Steckler Hibernia National Bank, Successor Trustee For First National Bank of Covington Docket No. 14619-90
Additions to Tax
Year
Section 6651(a) Section 6653(a)/6653(a)(1)
Section 6653(a)(2)
1980
$   874.12
$   174.82
-0-
1981
7,374.27
1,474.85
[1]
1982
3,715.41
743.08
[1]
1983
288.63
57.73
[1]
On March 30, 1990, respondent sent duplicate notices of deficiency as follows: (a) to Hibernia National Bank as Successor Trustee for each of the trusts set forth in the notice of deficiency; (b) to Ron Barnes *255 (who had been conditionally appointed trustee by the Twenty Fourth Judicial District Court, Parish of Jefferson, Louisiana in 1989, but who was not appointed because he failed to meet the condition of posting a $ 350,000 bond); (c) to the clerk for the Twenty Fourth Judicial District Court, Parish of Jefferson, Louisiana, and (d) to each of the persons who were designated as principal beneficiaries in the trust documents of each of the trusts set forth in the notices of deficiency. On January 23, 1976, Therese Steckler, a resident of Louisiana, created the Steckler Inter Vivos Trust for the benefit of her son, Donaldson Steckler, and his four minor children, Robert J. Steckler, Janis R. Steckler, Eric R. Steckler, and John R. Steckler and donated to the trust 25 percent of her working interest in an undivided 1/2 interest in oil-producing property in Lafourche Parish, Louisiana. The Steckler Inter Vivos Trust agreement established a class trust under which Therese Steckler's son, Donaldson Steckler, was to be the income beneficiary during his life and his children (Therese Steckler's grandchildren) would be the principal beneficiaries. The Steckler Inter Vivos Trust agreement *256 provided that no distributions of income were to be made until August 11, 1985, at which time the trustee was instructed to distribute the trust income to Donaldson Steckler annually until his death. Upon Donaldson Steckler's death, the trustee was instructed to distribute the principal in equal shares to the grandchildren who had attained the age of 45. If any of the grandchildren had not reached age 45 upon Donaldson Steckler's death, the trustee was instructed to form a separate trust fund for each grandchild from which the trustee was to make annual income distributions to the grandchild until the child reached age 45 and then to distribute all of the trust's assets to the grandchild upon reaching age 45. The Steckler Inter Vivos Trust agreement named Whitney National Bank of New Orleans to be Trustee, and Whitney National Bank accepted the property placed in trust. On July 12, 1976, acting upon a motion filed by Therese Steckler and Donaldson Steckler, the Civil District Court for the Parish of Orleans, in Case Number 76-10590 (hereinafter referred to as the Orleans Parish litigation), issued an order substituting Donaldson Steckler and the First National Bank of Commerce *257 (hereinafter First NBC) as joint trustees for the Steckler Inter Vivos Trust in place of the Whitney National Bank of New Orleans. On July 13, 1976, a counter letter in which John David Cassanova, an attorney, agreed to serve as contingent cotrustee for the trust, was recorded in Lafourche Parish, Louisiana. On February 1, 1980, the Orleans Parish Civil District Court amended the original Steckler Inter Vivos Trust agreement by dividing the original Therese Steckler Trust into four separate trusts, with one trust allocated to each of the principal beneficiaries, and providing for the further divisions of the trusts and the trust assets if Donaldson Steckler were to have another child. Various successor trustees served as trustees of the trusts, including First National Bank of Covington. During November 1988, Hibernia National Bank acquired the assets of the First National Bank of Covington. Hibernia National Bank informed the beneficiaries of each of the trusts that it did not automatically become successor trustee when it acquired the assets of First National Bank of Covington, that a successor must be appointed by the Court, that it was not cost effective for Hibernia to serve *258 as trustee, and that it would hold the assets as custodian until a successor was appointed. Although an attempt was made during 1989 to have the Twenty Fourth Judicial District Court, Parish of Jefferson, Louisiana, appoint Ronald Barnes as successor trustee, Mr. Barnes was unable to file the $ 350,000 bond which was a condition for the appointment. During February 1991, after filing the petitions in the instant case, Hibernia National Bank filed a Petition for Declaratory Relief in Civil District Court for the Parish of Orleans, Louisiana, Case No. 91-06765, in which it prayed that a provisional or successor trustee be appointed for the trusts and that it be allowed to tender the funds of the trusts into the registry of the court. On May 28, 1991, the Civil District Court for the Parish of Orleans entered a Judgment discharging Hibernia National Bank as Trustee and ordering Hibernia National Bank to serve as custodian over the funds of the trusts, with the limited rights to render an accounting and make disbursements of income from the trusts to Donaldson Steckler, until a successor trustee is named or appointed. Hibernia National Bank continues to act as custodian of the funds *259 of the trusts. In a motion to withdraw as counsel of record, petitioners' former attorneys represented that, although Hibernia National Bank is still the custodian of assets owned by the Therese Steckler Trust, "Hibernia National Bank has no authority to represent the Therese Steckler Trust in this Tax Court proceeding and no authority to retain counsel for or on behalf of this Trust." In his Rule 50(c) statement, Donaldson L. Steckler argues that we lack jurisdiction because Hibernia National Bank had no authority to file the petitions in the instant case. We agree. If a petitioner lacks the capacity to file a petition in this Court, the case must be dismissed for lack of jurisdiction. Patz Trust v. Commissioner, 69 T.C. 497, 503 (1977). Rule 60(c) provides as follows: The capacity of an individual, other than one acting in a fiduciary or other representative capacity, to engage in litigation in the Court shall be determined by the law of the individual's domicile. The capacity of a corporation to engage in such litigation shall be determined by the law under which it was organized. The capacity of a fiduciary or other representative to *260 litigate in the Court shall be determined in accordance with the law of the jurisdiction from which such person's authority is derived.
Consequently, to decide whether Hibernia National Bank has the capacity to file a petition in this Court, we must ascertain whether Hibernia National Bank has the capacity to bring litigation on behalf of the trusts under Louisiana State law. Under Louisiana State law, a trustee who was not a party to the trust instrument must accept the trust in writing. La. Rev. Stat. Ann. sec. 9:1824 (West 1991); Succession of McLean, 580 So. 2d 935, 940 (La. App. 1991). According to the documents contained in the record, Hibernia National Bank never accepted the successor trusteeship of the trust. To the contrary, it advised the beneficiaries that serving as trustee would not be cost effective and offered to hold the assets as custodian until a successor could be appointed. Consequently, under Louisiana State law, Hibernia National Bank never succeeded to the trusteeship and never had any authority to represent the trusts. We also note that no interested party has come forth to ratify the petitions on behalf of the trusts. *261 Consequently, we will dismiss the instant case for lack of jurisdiction and deny respondent's motion to dismiss for lack of prosecution. Patz Trust v. Commissioner, supra.Rule 60(c). Because we lack jurisdiction in the instant case, we need not decide the issue regarding the validity of the notices of deficiency. See Lee Enterprises, Inc. v. Commissioner, T.C. Memo. 1992-629. We note that a dismissal for lack of jurisdiction, unlike a dismissal for lack of prosecution, does not have the effect of depriving petitioners of their right to contest respondent's determination in another forum. They may still bring a refund suit in District Court or the Court of Federal Claims. Our decision simply denies petitioners the privilege of contesting respondent's determinations in this Court. See McCormick v. Commissioner, 55 T.C. 138, 142 n.5 (1970); Houghton v. Commissioner, 48 T.C. 656, 662-663 (1967) (quoting Cohen v. United States, 297 F.2d 760, 772 (9th Cir. 1962)). To reflect the foregoing, Appropriate orders will be *262 entered. Footnotes
1. The following cases have been consolidated for purposes of trial, briefing, and opinion: Therese Steckler Trust, docket No. 14617-90; Therese Steckler Trust FBO Janis R. Steckler, docket No. 14618-90; Therese Steckler Trust FBO Eric D. Steckler, docket No. 14619-90 (hereinafter collectively referred to as the instant case).↩
2. For reasons set forth, infra↩, Hibernia National Bank was deleted from the caption of the instant case.
1. 50 percent of interest due on $ 29,497.09, $ 14,861.64, and $ 964.51 for the years 1981, 1982, and 1983, respectively.↩
1. 50 percent of interest due on $ 29,004.29, $ 15,958.78, and $ 1,265.09 for the years 1981, 1982, and 1983, respectively.↩
1. 50 percent of interest due on $ 29,497.09, $ 14,861.64, and $ 964.51 for the years 1981, 1982, and 1983, respectively.↩
1. 50 percent of interest due on $ 29,497.09, $ 14,861.64, and $ 1,154.51 for the years 1981, 1982, and 1983, respectively.↩