T.C. Memo. 2000-227


UNITED STATES TAX COURT


TROY ENTERPRISES TRUST, JOHN P. WILDE, TRUSTEE &
YALE ENTERPRISES TRUST, JOHN P. WILDE, TRUSTEE,
Petitioners <u>v</u>. COMMISSIONER OF
INTERNAL REVENUE, Respondent


Docket No. 17893-99.                    Filed July 28, 2000.


John P. Wilde, for petitioners.

<u>John W. Duncan</u>, for respondent.


MEMORANDUM OPINION


VASQUEZ, <u>Judge</u>:  This case is before the Court on respondent's motion to dismiss for lack of jurisdiction.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Background

Petitioners[1] are trusts organized under the laws of Arizona. On September 9, 1996, each petitioner filed a 1995 U.S. Income Tax Return for Estates and Trusts (collectively, the returns). The returns listed Morgan, Kramer & Strauss, LLC (Morgan, Kramer), as the fiduciary, and Cliff Jennewin signed the returns as the "trustee agent".

Upon commencement of the examinations of the returns, respondent requested complete copies of the trust documents from petitioners. Petitioners failed to provide any trust documents and to cooperate in any way during the examinations.

On September 1, 1999, respondent issued separate notices of deficiency to petitioners. The notices of deficiency identified Morgan, Kramer as trustee of both trusts.

On November 29, 1999, petitioners filed a joint petition in this Court. John P. Wilde (Mr. Wilde) signed the petition on behalf of petitioners, wherein he identified himself as "trustee".

On January 27, 2000, respondent filed a motion to dismiss for lack of jurisdiction (respondent's motion) on the grounds that pursuant to Rule 60, Mr. Wilde is not the proper party to bring this action.

---

[1] References to "petitioners" are to Troy Enterprises Trust and Yale Enterprises Trust.

On February 22, 2000, petitioners filed a joint response to respondent's motion (petitioners' response).  In petitioners' response, petitioners argue that Mr. Wilde is their trustee and thus, the proper party to bring this action.  In support of their contention, petitioners attached two identical documents entitled "Minute--Morgan, Kramer & Strauss L.L.C." (the minutes). The minutes provide, in relevant part:

> A special meeting of the members has been called for the purpose of amending the purpose and operation of the L.L.C.
>
> *     *     *     *     *     *     *
>
> It is hereby resolved that it is in the best interest of all parties concerned to replace the trustee on all trusts where the LLC is named.  To this end and in fulfilling the requirements for succession John P. Wilde and Jimmy Chisum have been selected as successors.
>
> By agreement the appointment of Wilde and Chisum and the withdrawal of <u>Stern and Stein</u> are simultaneous and signatures hereto signify a full and total change in trusteeship, responsibility, custody and ownership of corpus, papers, and all legal affairs (emphasis added).

Cliff Jennewin and Richard Scarborough signed the minutes on behalf of Morgan, Kramer.  Mr. Wilde and Jimmy Chisum also signed the minutes to signify that they accepted the appointment as trustees.

In petitioners' response, they further argue:

> the issue concerning Mr. Wilde's capacity as Trustee falls within the exclusive jurisdiction of the superior court here in the State of Arizona. * * * At this point, this court is without jurisdiction to examine

the matter beyond the minute appointing Mr. Wilde as trustee and determine whether he is the duly authorized Trustee.  In absence of evidence to the contrary the appointment of John P. Wilde as a Trustee, in the minutes * * * is presumptively valid unless some provision of Arizona Law or a court of competent jurisdiction under the laws of the State of Arizona have found that the appointment to be invalid.  The Petitioner need not remind the Court of the consequences of taking any action over which subject matter is completely lacking.

On June 5, 2000, we held a hearing on respondent's motion wherein Mr. Wilde appeared on behalf of petitioners.

Discussion

This Court is a court of limited jurisdiction.  See Freytag v. Commissioner, 501 U.S. 868, 870 (1991).  Jurisdiction is predicated upon the timely filing of a petition by the proper party.  See secs. 6213 and 6214; Vincent Engg. Co. v. Commissioner, T.C. Memo. 1993-435.

In accordance with Rule 60, a petition may be filed by and in the name of the person against whom the Commissioner determined the deficiency or by and with the full descriptive name of the fiduciary entitled to institute a case on behalf of such person.  See Rule 60(a)(1).  The capacity of a fiduciary to litigate in this Court shall be determined in accordance with the law of the jurisdiction from which such person's authority is derived.  See Rule 60(c).

Petitioners are trusts organized under the laws of Arizona. Pursuant to Rule 60(c), Arizona law therefore applies in

determining the capacity of Mr. Wilde to petition this Court. Under Arizona law, a trustee has the capacity to institute court proceedings on behalf of a trust and is thus the proper party to file a petition on behalf of a trust in this Court. See Ariz. Rev. Stat. Ann. sec. 14-7233.C.25 (West 1995).

Petitioners bear the burden of proving that this Court has jurisdiction by establishing affirmatively all facts giving rise to our jurisdiction. See Patz v. Commissioner, 69 T.C. 497, 503 (1977); Fehrs v. Commissioner, 65 T.C. 346, 348 (1975); Wheeler's Peachtree Pharmacy, Inc. v. Commissioner, 35 T.C. 177, 180 (1960); National Comm. to Secure Justice v. Commissioner, 27 T.C. 837, 839 (1957); Consolidated Cos. v. Commissioner, 15 B.T.A. 645, 651 (1929). In order to meet that burden, petitioners must provide evidence establishing that Mr. Wilde has authority to act on their behalf. See National Comm. to Secure Justice v. Commissioner, supra at 839-840; Coca-Cola Bottling Co. v. Commissioner, 22 B.T.A. 686, 700 (1931).

Petitioners refuse to provide the trust documents to respondent and to the Court. Petitioners submitted only the minutes as evidence.[2] The minutes purport to be the minutes of Morgan, Kramer & Strauss L.L.C. Within the minutes, however, there is a reference to "Stern & Stein" which implies that the

---

[2] At the hearing, petitioners attempted to introduce into evidence two incomplete documents regarding the trust which were not accepted.

minutes are documenting the withdrawal of Stern & Stein as trustee and not the withdrawal of Morgan, Kramer as trustee. We note that Mr. Wilde was recently involved in another matter before this Court, Renaissance Enters. Trust v. Commissioner, T.C. Memo. 2000-226, wherein Mr. Wilde claimed that he was appointed trustee by the resigning trustee, Stern & Stein. In Renaissance, Mr. Wilde submitted minutes from Stern & Stein as proof of his appointment which mirror the minutes submitted in this case except for the title on the top of the document. It appears that Mr. Wilde simply copied the minutes submitted in Renaissance and submitted them as Morgan, Kramer's minutes in the present case. We are not persuaded of the authenticity of the minutes.

Petitioners have failed to establish that the minutes submitted are in fact the minutes of Morgan, Kramer, that they document Morgan, Kramer's resignation as trustee and that they show that Mr. Wilde was subsequently appointed trustee. We have no way to determine whether: (1) Morgan, Kramer was the original trustee or was, at any time, a trustee; (2) Morgan, Kramer had the legal authority to name Mr. Wilde the successor trustee; and (3) the requirements of the trust for appointing a successor trustee were followed in appointing Mr. Wilde. Without the trust documents and/or other reliable evidence, we are not satisfied that Mr. Wilde has the required capacity to file a petition on

behalf of petitioners in this Court.

In view of the evidentiary shortcomings in the record, we cannot conclude that Mr. Wilde has the requisite capacity to file a petition on behalf of petitioners.[3]  We therefore shall grant respondent's motion.

To the extent not herein discussed, we have considered petitioners' other arguments and consider them to be without merit.

To reflect the foregoing,

An appropriate order of

dismissal will be entered.

---

[3]  We note that Mr. Wilde is no stranger to this Court. Recently, in addition to the petition in Renaissance Enters. Trust v. Commissioner, T.C. Memo. 2000-226, mentioned earlier, Mr. Wilde filed petitions in Scenic Wonders Gallery, LLC v. Commissioner, T.C. Memo. 2000-64, and Photo Art Mktg. Trust v. Commissioner, T.C. Memo. 2000-65.  In those cases, we granted the Commissioner's motions to dismiss for lack of jurisdiction on the ground that Mr. Wilde lacked the requisite capacity to file petitions on behalf of those taxpayers.

Additionally, Jimmy C. Chisum, who is listed as cotrustee in the minutes submitted by petitioners in the instant case, has filed petitions in at least three similar cases where motions to dismiss for lack of jurisdiction were granted on similar grounds. See Banana Moon Trust v. Commissioner, T.C. Memo. 2000-73 (holding Mr. Chisum did not have the requisite capacity to file a petition on behalf of the taxpayers); Jeff Burger Prods., LLC v. Commissioner, T.C. Memo. 2000-72 (similar holding); Bantam Domestic Trust v. Commissioner, T.C. Memo. 2000-63 (similar holding).