T.C. Memo. 2000-226

UNITED STATES TAX COURT

RENAISSANCE ENTERPRISES TRUST, JOHN P. WILDE, TRUSTEE &
EDUCATIONAL ENTERPRISES TRUST, JOHN P. WILDE, TRUSTEE,
Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17868-99.                        Filed July 28, 2000.

John P. Wilde, for petitioners.

John W. Duncan, for respondent.

MEMORANDUM OPINION

VASQUEZ, Judge:  This case is before the Court on
respondent's motion to dismiss for lack of jurisdiction.

Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the years in issue, and

all Rule references are to the Tax Court Rules of Practice and Procedure.

Background

Petitioners[1] are trusts organized under the laws of Arizona. On September 9, 1996, each petitioner filed a 1995 U.S. Income Tax Return for Estates and Trusts (collectively, the returns). The returns listed Stein & Stein as the trustee, and Cliff Jennewin signed the returns as the "trustee agent".

Upon commencement of the examinations of the returns, respondent requested complete copies of the trust documents from petitioners. Petitioners failed to provide any trust documents and to cooperate in any way during the examinations.

On September 1, 1999, respondent issued separate notices of deficiency to petitioners. The notices of deficiency identified Stein & Stein as trustee of both trusts.

On November 29, 1999, petitioners filed a joint petition in this Court. John P. Wilde (Mr. Wilde) signed the petition on behalf of petitioners, wherein he identified himself as "trustee".

On January 27, 2000, respondent filed a motion to dismiss for lack of jurisdiction (respondent's motion) on the grounds

---

[1] References to "petitioners" are to Renaissance Enterprises Trust and Educational Enterprises Trust.

that pursuant to Rule 60, Mr. Wilde is not the proper party to bring this action.

On March 3, 2000, petitioners filed a joint response to respondent's motion (petitioners' response). In petitioners' response, petitioners argue that Mr. Wilde is their trustee and thus, the proper party to bring this action. In support of their contention, petitioners attached two documents both entitled "Minute--Stern & Stein L.L.C." (the minutes).[2] The minutes are identical and provide, in relevant part:

> A special meeting of the members has been called for the purpose of amending the purpose and operation of the L.L.C.
>
> *    *    *    *    *    *    *
>
> It is hereby resolved that it is in the best interest of all parties concerned to replace the trustee on all trusts where the LLC is named. To this end and in fulfilling the requirements for succession John P. Wilde and Jimmy Chisum have been selected as successors.

Cliff Jennewin and Richard Scarborough signed the minutes on behalf of Stern & Stein. Mr. Wilde and Jimmy Chisum also signed the minutes to signify that they accepted the appointment as trustees.

In petitioners' response, they further argue:

> the issue concerning Mr. Wilde's capacity as Trustee falls within the exclusive jurisdiction of the superior court here in the State of Arizona. * * * At this

_____

[2] We believe that the entities referred to as "Stein & Stein" and "Stern & Stein" are one in the same.

point, this court is without jurisdiction to examine the matter beyond the minute appointing Mr. Wilde as trustee and determine whether he is the duly authorized Trustee. In absence of evidence to the contrary the appointment of John P. Wilde as a Trustee, in the minutes * * * is presumptively valid unless some provision of Arizona Law or a court of competent jurisdiction under the laws of the State of Arizona have found that the appointment to be invalid. The Petitioner need not remind the Court of the consequences of taking any action over which subject matter is completely lacking.

On June 5, 2000, we held a hearing on respondent's motion wherein Mr. Wilde appeared on behalf of petitioners.

Discussion

This Court is a court of limited jurisdiction. See Freytag v. Commissioner, 501 U.S. 868, 870 (1991). Jurisdiction is predicated upon the timely filing of a petition by the proper party. See secs. 6213 and 6214; Vincent Engg. Co. v. Commissioner, T.C. Memo. 1993-435.

In accordance with Rule 60, a petition may be filed by and in the name of the person against whom the Commissioner determined the deficiency or by and with the full descriptive name of the fiduciary entitled to institute a case on behalf of such person. See Rule 60(a)(1). The capacity of a fiduciary to litigate in this Court shall be determined in accordance with the law of the jurisdiction from which such person's authority is derived. See Rule 60(c).

Petitioners are trusts organized under the laws of Arizona. Pursuant to Rule 60(c), Arizona law therefore applies in

determining the capacity of Mr. Wilde to petition this Court.
Under Arizona law, a trustee has the capacity to institute court
proceedings on behalf of a trust and is thus the proper party to
file a petition on behalf of a trust in this Court.  See Ariz.
Rev. Stat. Ann. sec. 14-7233.C.25 (West 1995).

Petitioners bear the burden of proving that this Court has
jurisdiction by establishing affirmatively all facts giving rise
to our jurisdiction.  See Patz v. Commissioner, 69 T.C. 497, 503
(1977); Fehrs v. Commissioner, 65 T.C. 346, 348 (1975); Wheeler's
Peachtree Pharmacy, Inc. v. Commissioner, 35 T.C. 177, 180
(1960); National Comm. to Secure Justice v. Commissioner, 27 T.C.
837, 839 (1957); Consolidated Cos. v. Commissioner, 15 B.T.A.
645, 651 (1929).  In order to meet that burden, petitioners must
provide evidence establishing that Mr. Wilde has authority to act
on their behalf.  See National Comm. to Secure Justice v.
Commissioner, supra at 839-840; Coca-Cola Bottling Co. v.
Commissioner, 22 B.T.A. 686, 700 (1931).

Petitioners refuse to provide the trust documents to
respondent and to the Court.  At the hearing, when asked why he
had not produced the documents, Mr. Wilde remarked:  "Why should
we offer [respondent] the benefit of our volunteering [the trust
documents] when respondent and respondent's counsel repeatedly

berate us." Petitioners submitted only the minutes as evidence.[3]

Without the trust documents and/or other evidence, we are not persuaded that Mr. Wilde has the required capacity to file a petition on behalf of petitioners in this Court. Petitioners have failed to establish that the minutes submitted are what they purport to be (i.e., the resignation of Stein & Stein as trustee and the appointment of Mr. Wilde as successor trustee). We have no way to determine whether: (1) Stein & Stein was the original trustee or was, at any time, a trustee; (2) Stein & Stein had the legal authority to name Mr. Wilde the successor trustee; and (3) the requirements of the trust for appointing a successor trustee were followed in appointing Mr. Wilde.

In view of the evidentiary shortcomings in the record, we cannot conclude that Mr. Wilde has the requisite capacity to file a petition on behalf of petitioners.[4] We therefore shall grant

---

[3] At the hearing, petitioners attempted to introduce two incomplete documents regarding the trust which were not accepted into evidence.

[4] We note that Mr. Wilde is no stranger to this Court. Recently, he filed petitions in Scenic Wonders Gallery, LLC v. Commissioner, T.C. Memo. 2000-64, and Photo Art Mktg. Trust v. Commissioner, T.C. Memo. 2000-65. In those cases, we granted the Commissioner's motions to dismiss for lack of jurisdiction on the ground that Mr. Wilde lacked the requisite capacity to file petitions on behalf of the taxpayers.
Additionally, Jimmy C. Chisum, who is listed as cotrustee in the minutes submitted by petitioners in the instant case, has filed petitions in at least three similar cases where motions to dismiss for lack of jurisdiction were granted on similar grounds. See Banana Moon Trust v. Commissioner, T.C. Memo. 2000-73

(continued...)

respondent's motion.

To the extent not herein discussed, we have considered petitioners' other arguments and consider them to be without merit.

To reflect the foregoing,

An appropriate order of

dismissal will be entered.

---

[4](...continued)
(holding Mr. Chisum did not have the requisite capacity to file a petition on behalf of the taxpayers); Jeff Burger Prods., LLC v. Commissioner, T.C. Memo. 2000-72 (similar holding); Bantam Domestic Trust v. Commissioner, T.C. Memo. 2000-63 (similar holding).