T.C. Memo. 2001-279


UNITED STATES TAX COURT


NORTHSTATE TAX CONSULTANTS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 5987-01.            Filed October 10, 2001.


Mark E. Kent, for petitioner.[1]

<u>Daniel J. Parent</u>, for respondent.


MEMORANDUM OPINION


RUWE, <u>Judge</u>:  This case is before the Court on respondent's
motion to dismiss for lack of jurisdiction.  Respondent bases his

---

[1]As explained in the text, respondent challenges Mr. Kent's
capacity to conduct litigation on behalf of petitioner.  Our
tentative description of Mr. Kent as appearing for petitioner is
for convenience only.

motion on the ground that the petition was not filed by a proper party under Rule 60(c).[2]

Background

On February 5, 2001, respondent mailed a notice of deficiency for the taxable years 1994 and 1995 to "Northstate Tax Consultants Trust". On May 7, 2001, a petition in the name of "Northstate Tax Consultants" was timely filed. The petition was signed by Mark E. Kent (Mr. Kent). The notice of deficiency and the petition both listed the same address in Redding, California, as petitioner's address.

On July 26, 2001, respondent moved, pursuant to the provisions of Rule 60(c), to dismiss this case for lack of jurisdiction on the ground that the petition was not filed by a trustee authorized under California law to bring suit on behalf of Northstate Tax Consultants Trust (NTCT). In his motion, respondent alleges that a Form 1041, U.S. Fiduciary Income Tax Return, was filed with respondent in the name of "Northstate Tax Consultants" for each of the taxable years 1994 and 1995. Respondent contends that, before issuing the notice of deficiency, he requested that copies of certain trust documents be provided to him in order to establish the identity of the trustees authorized to act on behalf of NTCT. Respondent

---

[2]All Rule references are to the Tax Court Rules of Practice and Procedure.

represents that he requested copies of trust instruments and copies of trust documents appointing all trustees, but no trust documents were provided to him. Respondent attached a letter, dated June 19, 2001, addressed to: "Northstate Tax Consultants, Attn: Mark E. Kent". In the letter, respondent asked Mr. Kent to provide certain trust documents in order for respondent to determine whether Mr. Kent was authorized to represent NTCT before this Court. Respondent concluded his letter by stating that if he did not receive the requested information within 30 days, then he would file a motion to dismiss the case for lack of jurisdiction. Respondent maintains that he has not received a response to his request.

On July 30, 2001, we directed petitioner to file a response to respondent's motion on or before August 30, 2001. Petitioner failed to file a response to respondent's motion.

Discussion

Rule 60(a) provides that a case shall be brought by and in the name of the person against whom the Commissioner determined the deficiency, or by and with the full descriptive name of the fiduciary entitled to institute a case on behalf of that person. Rule 60(c) provides that "The capacity of a fiduciary or other representative to litigate in the Court shall be determined in accordance with the law of the jurisdiction from which such person's authority is derived." Petitioner bears the burden of

proving that this Court has jurisdiction.  <u>Harold Patz Trust v. Commissioner</u>, 69 T.C. 497, 503 (1977); <u>Fehrs v. Commissioner</u>, 65 T.C. 346, 348 (1975); <u>Main-Hammond Land Trust v. Commissioner</u>, 17 T.C. 942, 957 (1951), affd. 200 F.2d 308 (6th Cir. 1952).

Petitioner failed to comply with our order requiring a response to respondent's motion to dismiss for lack of jurisdiction.  Petitioner has failed to present other evidence showing that this Court has jurisdiction.  In the absence of any evidence to support our jurisdiction, we hold that Mr. Kent does not have the capacity under Rule 60(c) to litigate in this Court on behalf of NTCT.  See <u>Harold Patz Trust v. Commissioner</u>, <u>supra</u>.

<u>An appropriate order will be entered granting respondent's motion to dismiss for lack of jurisdiction</u>.