T.C. Memo. 2014-20

UNITED STATES TAX COURT

JOVAN VERCEL, JR. AND LINDA S. VERCEL, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 887-12L.                                      Filed January 28, 2014.

<u>David Wayne Goodman</u>, for petitioners.

<u>Derek S. Pratt</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, <u>Judge</u>:  After concessions, the issues for decision relating to 2009 are (1) whether petitioners are entitled to interest abatement; and (2) whether petitioners are liable for a section 6651(a)(2) addition to tax.[1]

_____

[1]Unless otherwise indicated, all section references are to the Internal

(continued...)

[*2]                                 FINDINGS OF FACT

During 2009, Mr. Vercel was the manager of Freedom Strategic Partners, LLC (FSP), and owned 100,000 shares of stock in Freedom Wireless Holdings, Inc. (FWH). FSP was the general partner of approximately 25 partnerships which were formed to fund litigation relating to patents FWH owned. During 2009, FWH reported distributions of $7,643,768 to Mr. Vercel. In addition, petitioners owned a brokerage account with a value, as reported on December 31, 2009, of $922,144. Petitioners timely filed their 2009 Federal income tax return but failed to pay the full amount of their $765,096 self-reported tax liability. During 2012, FWH reported distributions of approximately $3,475,000 to Mr. Vercel.

On December 13, 2010, respondent sent petitioners a Letter 1058A, Final Notice of Intent to Levy and Notice of Your Right to a Hearing. Petitioners timely requested a collection due process hearing and, on December 7, 2011, the Appeals officer conducted a telephonic hearing with petitioners' representative. Petitioners requested abatement of the section 6651(a)(2) addition to tax and interest relating to 2009. On December 16, 2011, respondent sent petitioners notices of determination denying their requests for abatement of the section 6651(a)(2)

---

[1](...continued)
Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[*3] addition to tax and interest relating to 2009. On January 10, 2012, petitioners, while residing in Arizona, timely filed a petition with the Court.

OPINION

Petitioners contend that they are entitled to interest abatement. We have jurisdiction to review the Commissioner's denial of a request for interest abatement if a taxpayer's net worth did not exceed $2 million at the time the petition was filed. See secs. 6404(h), 7430(c)(4)(A)(ii); 28 U.S.C. sec. 2412(d)(2)(B) (2006); Hinck v. United States, 550 U.S. 501, 503-505 (2007). Petitioners failed to establish that we have jurisdiction to review respondent's interest abatement denial. See Patz Trust v. Commissioner, 69 T.C. 497, 503 (1977) ("Petitioners have the burden of proving that this Court has jurisdiction."). At the time that petitioners filed their petition, Mr. Vercel owned 100,000 shares of FHW stock. Furthermore, petitioners concede that between 2009 and 2012, FHW reported distributions to Mr. Vercel of approximately $12 million. In addition, petitioners failed to introduce evidence relating to Mrs. Vercel's net worth. Accordingly, we do not have jurisdiction to review respondent's denial of petitioners' 2009 interest abatement requests. See sec. 6404(h); Hinck, 550 U.S. at 503-505; Patz Trust v. Commissioner, 69 T.C. at 503.

**[\*4]** We review petitioners' underlying tax liability de novo because they did not receive a notice of deficiency or otherwise have an opportunity to dispute their tax liability. See sec. 6330(c)(2)(B); Montgomery v. Commissioner, 122 T.C. 1, 8-9 (2004); Sego v. Commissioner, 114 T.C. 604, 610 (2000). Petitioners concede that they self-reported, but failed to pay, their 2009 Federal income tax liability.[2] Petitioners contend, however, that they are entitled to abatement of the section 6651(a)(2) addition to tax because they had reasonable cause for their failure to timely pay their 2009 tax liability. See Higbee v. Commissioner, 116 T.C. 438, 446 (2001) (holding that taxpayers bear the burden of proof relating to reasonable cause). At the end of 2009, petitioners had sufficient assets (i.e., their brokerage account and Mr. Vercel's 100,000 shares of FWH stock) to pay their tax liability. Petitioners contend that they were unable to timely pay their 2009 tax liability because they owned illiquid assets. The illiquidity of petitioners' assets, however, was a result of their voluntary investment decisions and does not provide a basis for their claim of reasonable cause for nonpayment of tax. See McLaine v. Commissioner, 138 T.C. 228, 247 (2012). In short, petitioners did not exercise ordinary business care and prudence, and their failure to pay was attributable to

---

[2]Respondent bears, and has met, the burden of production relating to the sec. 6651(a)(2) addition to tax. See sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446 (2001).

**[\*5]** willful neglect.  See id.; sec. 301.6651-1(c)(1), Proced. & Admin. Regs. Accordingly, petitioners are liable for the section 6651(a)(2) addition to tax relating to 2009.

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.